REBECCA KANTOR, Appellant, v. NATIONWIDE LIFE INSURANCE COMPANY, Respondent.— In an action to recover on a life insurance policy, plaintiff, the beneficiary, appeals from a judgment of the Supreme Court, Nassau County, entered March 21, 1961, upon a jury's verdict after trial, in her favor for the amount of the premiums which had been paid, plus interest thereon and costs. Judgment affirmed, without costs. The defendant insurer's defense was that material misrepresentations were made by the insured in the medical questionnaire which constituted a part of his application for the policy. The court instructed the jury that if they found that no false statements were made by the insured, or that such statements were made but either were not material or were not relied upon by defendant, their verdict should be in favor of the plaintiff for $23,042.60, the total amount concededly payable under the policy. The jury was also instructed that if they found that false statements were made, that such statements were material, and that defendant would not have issued the policy if it had knowledge of the true facts, then their verdict should be for plaintiff for the amount of the premiums paid by the insured. The jury's verdict was for the amount of the premiums. In our opinion, the findings of fact implicit in the jury's verdict under the charge of the court were supported by ample proof; defendant was properly relieved of liability under the policy (cf. *Keck* v. *Metropolitan Life Ins. Co.*, 238 App. Div. 538, affd. 264 N. Y. 422; *Reznikoff* v. *Equitable Life Assur. Soc. of U. S.*, 267 App. Div. 785, affd. 294 N. Y. 935; *Ettman* v. *Equitable Life Assur. Soc. of U. S.*, 6 A D 2d 697, affd. 5 N Y 2d 1005). Defendant may not be charged with knowledge of the insured's physical condition not disclosed in the application for insurance, even though such knowledge may have been acquired by its examining doctor in his capacity as the insured's personal physician (cf. *Foot* v. *Aetna Life Ins. Co.*, 61 N. Y. 571, 576; *Butler* v. *Michigan Mut. Life Ins. Co.*, 184 N. Y. 337, 340; *Thomas* v. *New York Life Ins. Co.*, 65 N. D. 625; *Caruthers* v. *Kansas Mut. Life Ins. Co.*, 108 F. 487). In any event, even if it be assumed that such knowledge could be imputed to defendant, nevertheless defendant would not have known either: (a) that the insured was to enter a hospital for a biopsy on the day following his medical examination in connection with his application for insurance; or (b) that the biopsy disclosed that the insured was suffering from Hodgkin's disease. We are also of the opinion that, on the record presented, defendant was under no duty to make further investigation or inquiry as to the insured's physical condition but was entitled to rely on the representations made by him in his application for insurance (cf. *S. & E. Motor Hire Corp.* v. *New York Ind. Co.*, 255 N. Y. 69; *Cherkes* v. *Postal Life Ins. Co.*, 285 App. Div. 514, affd. 309 N. Y. 964). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.