■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STANLEY J. SMITH, Appellant.— Appeal from a judgment of the County Court of Chemung County, rendered September 14, 1973, upon a verdict convicting defendant of the crime of operating a motor vehicle while his license was revoked. Defendant was indicted by the Chemung County Grand Jury on charges of driving while intoxicated (a felony due to a prior conviction of the same charge) and operating a motor vehicle while his license was revoked. Defendant was acquitted of the former charge but convicted of the latter, his motion for dismissal of the second count of the indictment at the close of the People's case having been denied. This appeal raises the issue of whether a person possessing a valid Pennsylvania license and registration, but whose New York license and driving privileges were revoked on June 3, 1971, could lawfully operate a motor vehicle in this State

on October 29, 1972. Section 511 of the Vehicle and Traffic Law makes it a misdemeanor to operate a motor vehicle on a public highway of this State while the operator's license is suspended or revoked. Defendant's license and driving privileges were revoked on June 3, 1971 and, pursuant to that section, he would normally be prohibited from operating a motor vehicle in this State until his license was restored by direction of the Commissioner (see Vehicle and Traffic Law, § 510, subd. 5). However, in the interim, he established residence in Pennsylvania and obtained a driver's license and registration from that State.[*] Subdivision 2 of section 250 of the Vehicle and Traffic Law provides, in part, that: "A person * * * who shall be a nonresident of this state, and a resident of a state * * * having laws, with which such person has complied, which require such person, in order to operate a motor vehicle * * * therein, to be licensed, may operate or drive a motor vehicle * * * on the public highways of this state without being so licensed under this chapter". And, that section (subd. 3, par. [c], cl. [2]) provides that the above exemption shall not apply "to a person whose license to drive in this state has been revoked, until one year has elapsed since such revocation". To the extent that the above-quoted more specific provisions conflict with the general language of section 511, they are controlling (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 238). As of October 29, 1972 defendant had met all the statutory requirements and his operation of a motor vehicle in this State was not per se unlawful. The dangers of circumvention of the legal sanctions with which we were concerned in *Matter of Van Woert* v. *Tofany* (45 A D 2d 155) are substantially ameliorated here by the legislatively erected barriers of nonresidence in this State coupled with a one-year waiting period before a motor vehicle may be lawfully operated on the public highways of this State. Defendant's motion for dismissal of the second count of the indictment should have been granted. Judgment reversed, on the law, and indictment dismissed. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Kane, JJ., concur.

---

[*] Although the People contend that defendant is still a resident of this State, there is no evidence properly before this court to contradict his assertion of residence in Pennsylvania.