■ In the Matter of AETNA CASUALTY & SURETY COMPANY, Appellant, v CATALINO GONZALEZ, Respondent. — Judgment of the Supreme Court, New York County (Egeth, J.), entered February 9, 1981, reversed, on the law, and the motion to stay arbitration is granted, without costs. Nellia Gandia was the owner of a motor vehicle insured by petitioner. On July 9, 1978, that vehicle was involved in an accident with an uninsured motorist. Respondent, who was operating the vehicle, was injured. Prior thereto, on January 12, 1977 and again on June 2, 1977, respondent's license had been suspended in accordance with subdivision 4-a of section 510 of the Vehicle and Traffic Law. The initial suspension had resulted from the failure to pay the fines imposed in connection with 10 traffic appearance tickets issued to him. The second suspension followed in the wake of his failure to respond to five additional appearance tickets. That license has never been reinstated nor was any New York driver's license thereafter issued to respondent. Subsequently, on March 5, 1978, respondent obtained a driver's license from the Commonwealth of Puerto Rico. Whether respondent ever, in fact, removed from New York to Puerto Rico so as to give validity to the Puerto Rican license is open to serious question. However, in light of our determination on the legal issues presented, we do not concern ourselves with that fact question. The Puerto Rican license had not expired at the time of the accident. However, in his report of the accident respondent gave a New York City address. Following his injury, respondent sought benefits under the uninsured motorist indorsement contained in the

policy issued to Gandia. On April 16, 1980 respondent served his demand for arbitration. Petitioner countered with an application for a stay. Special Term, after a brief informal hearing of which no stenographic record was taken, granted judgment denying the stay. This appeal is from that judgment. The uninsured motorist indorsement expressly provides that it does not apply "(a) to bodily injury to an insured while operating an automobile in violation of an order of suspension or revocation". Under the definitions contained in the policy respondent is included within the ambit of the term insured. Petitioner contends that the Puerto Rican license issued to him was valid for use in New York at the time of the accident. Subdivision 2 of section 250 of the Vehicle and Traffic Law provides in part that a nonresident who becomes a resident of this State "may operate or drive a motor vehicle * * * on the public highways of this state for a period not exceeding thirty days from the date he becomes a resident pending the obtaining of a license to operate such motor vehicle * * * in this state". However, paragraph (c) of subdivision 3 of the same section expressly provides the exemption contained in subdivision 2 shall not apply to a person whose driving license has been suspended. The statutory language employed is that "[t]he exemption provided in subdivision two of this section shall not apply (1) to a person whose license to drive in this state has been suspended, until such suspension is terminated". Here, respondent's license was suspended. Thereafter, and while a resident of this State and while his license remained in a state of suspension, he operated a motor vehicle which was involved in an accident with an uninsured motorist by reason of which he was injured. Under the relevant statutes he was not authorized to operate a motor vehicle in this State despite his Puerto Rican license. Hence, under the express exclusion contained in the uninsured motorist indorsement he is not entitled to its beneficent protection. *People v Smith* (45 AD2d 802) is not to the contrary. There defendant had had his license *revoked* on June 3, 1971. Subsequently, he removed to Pennsylvana where he procured a license. Somewhat more than 16 months after the revocation he drove his vehicle into this State. He was charged with operating a motor vehicle while his license was revoked. While under section 250 (subd 3, par [c], cl [1]) the exemption provided by subdivision 2 of section 250 does not apply to a person whose license has been *suspended* until the suspension is terminated, subdivision 3 (par [c], cl [2]) denies the exemption to an operator whose license had been *revoked* for a period of one year only. Since Smith's operation of the vehicle occurred more than one year after the revocation of his New York license, he was entitled to the benefit of the exemption provided in subdivision 2 of section 250. Given the benefit of that exemption, Smith's Pennsylvania license was recognized as valid and he was not operating a motor vehicle while his license was revoked. However, as hitherto indicated, that is not here the case. Concur — Sullivan, J. P., Ross, Lupiano, Bloom and Fein, JJ.