**INA UNDERWRITERS INSURANCE COMPANY and Pacific Employers Insurance Company, Plaintiffs,**

v.

**D.H. FORDE & CO., P.C., Douglas Forde, Neil Ferron, Lionel Forde, Santo Presti, and David Lalla, Defendants.**

No. Civ. 85–828T.

United States District Court, W.D. New York.

Nov. 29, 1985.

Wilson, Elser, Moskowitz, Edelman & Dicker (Stephen M. Marcellino, Eugene H. Goldberg, of counsel), New York City, for plaintiffs.

Organizations Act, 18 U.S.C. 1961 *et seq.*, for

Bayer & Smith (Gary H. Abelson, of counsel), Rochester, N.Y., for defendant Presti.

Johnstone & Sheldon, P.C. (Jeffrey M. Johnstone, of counsel), Rochester, N.Y., for defendant Lalla.

## DECISION and ORDER

TELESCA, District Judge.

INA Underwriters Insurance Company ("INA") and Pacific Employers Insurance Company ("PEIC") brought this action for a declaratory judgment rescinding certain insurance policies. Only defendants Presti and Lalla have answered in this matter. The plaintiffs have had an entry of default filed by the Court Clerk against defendants D.H. Forde & Co., P.C., Douglas Forde and Lionel Forde. Presti and Lalla have moved for summary judgment; the plaintiffs have cross-moved for summary judgment as well. The relevant facts are as follows.

On June 30, 1984, PEIC issued an accountants' professional liability policy for the period June 30, 1984 to June 30, 1985. The policy was issued after PEIC had received a policy application made by D.H. Forde & Co., P.C. That application, signed by Douglas Forde as President of the company, contained the following questions, answers and language:

15. c. Have any claims or suits been made during the past five years against any insured, their predecessors in business, or any of the present partners or owners, or to the knowledge of the firm against any past partners or owners? ___Yes_X_No.

If "yes," give full details on a separate sheet.

d. Is the applicant after inquiry aware of any circumstances which may result in any claim being made against the applicant, their predecessors in business or any of the present or past owners or partners? ___Yes_X_No

alleged invoice padding.

If "yes," please give full particulars on a separate sheet.

.    .    .    .    .

I/We represent that the information contained herein is true and that no information has been omitted or misrepresented. I/We understand that this application information shall be the basis of the policy of insurance and deemed incorporated therein ...

Plaintiffs contend that these responses were false, and that they were known to be false by Douglas Forde at the time the application was filed with PEIC. Defendants Presti and Lalla do not deny these contentions, but argue that they did nothing which would cause the rescission of the policy as to them.

It is well established that fraud in the inducement can render the resulting insurance policy void *ab initio*. An insurer is relieved of liability if the insured has made false statements in the application for insurance, such statements are material, and the insurer can demonstrate that it would not have issued the policy if it had known of the true facts. *Kantor v. Nationwide Life Ins. Co.*, 16 A.D.2d 701, 227 N.Y.S.2d 703 (2nd Dept.1962).

Plaintiffs argue that the misstatements made by Forde in the PEIC application were material misstatements which were made in bad faith and were justifiably relied on to issue the insurance policy in question. Therefore, they should be entitled to rescind the policy because of this fraud. I agree.

Defendants Presti and Lalla do not contend that the statements made by Forde in the application were anything other than material misstatements. Instead, they direct the Court's attention to the coverage mandated by the specific terms of the policy in issue. They argue that under Section VI, "Waiver of Exclusions and Breach of Conditions," even if coverage would be excluded to Forde because of alleged fraudulent acts committed by him, they should nonetheless be entitled to coverage.

Unfortunately, these provisions of the insurance policy cannot assist Presti and Lalla if the policy is void from the very beginning, which is precisely the case here. It is the well-established law of New York State that material misrepresentations made in an application for an insurance policy renders the policy void *ab initio*. *Eastern District Piece Dye Works, Inc. v. Travelers Ins. Co.*, 234 N.Y. 441, 138 N.E. 401 (1923); *Process Plants Corp. v. Beneficial National Life Ins. Co.*, 53 A.D.2d 214, 385 N.Y.S.2d 308, *aff'd.*, 42 N.Y.2d 928, 397 N.Y.S.2d 1007, 366 N.E.2d 1361 (1977); *see also*, McKinney's Insurance Law § 3105(b).

While this result may seem unfair to these two defendants, who find themselves without insurance coverage through no fault of their own, a contrary decision would have resulted in similar hardship to the insurance company, which would find itself supplying coverage to a risk it never meant to insure. I agree with the Eastern District of Pennsylvania, which when faced with a similar situation, stated that "(w)hile we sympathize with (the innocent insureds') position, and recognize that innocent (employees) are likely to suffer if the entire policy is voidable because of one man's fraudulent response, it must be recognized that plaintiff insurers are likewise innocent parties." *Bird v. Penn Central Company*, 341 F.Supp. 291, 294 (1972). *See also, Shapiro v. American Home Assur. Co.*, 584 F.Supp. 1245 (D.Mass.1984).

Accordingly, it is ORDERED that:

1. Plaintiff PEIC's cross-motion for summary judgment is hereby GRANTED;

2. Defendant Lalla's motions for summary judgment and to amend the answer to interpose a new counterclaim for money damages and punitive damages are hereby DENIED; and

3. Defendant Presti's motions for summary judgment and to amend his answer are DENIED.