■ JOHN CHRISTOSTOMIDES et al., Respondents, v FIDELITY DETECTIVE BUREAU et al., Defendants, and BERKE AND BERKE et al., Appellants.—Order, Supreme Court, New York County (Edith Miller, J.), entered on December 31, 1987, which, *inter alia*, denied the motions of defendants Jeffrey R. Berke and Berke and Berke to dismiss the complaint, insofar as it applied to them, or, in the alternative, to grant them summary judgment, unanimously reversed, on the law, the motion for summary judgment granted, and the complaint, insofar as it applied to Berke and Berke and Jeffrey R. Berke, dismissed, with costs.

Plaintiffs instituted an action seeking damages for negligence and libel. It was alleged that during a divorce action defendant Gogas retained Berke and Berke to represent him. It was further alleged that Gogas and his attorneys (the appealing defendants) retained Fidelity Detective Bureau to investigate the personal affairs of Mrs. Gogas. It was further alleged that the results of that investigation ostensibly linked Mrs. Gogas and Mr. Christostomides in an illicit relationship. It was further alleged that this information was disseminated in the community, to plaintiffs' detriment.

Defendants Berke and Berke and Jeffrey R. Berke moved to dismiss the complaint or, in the alternative, for summary judgment. The motion was supported by the affidavit of Jeffrey R. Berke based upon personal knowledge. The moving affidavit stated that the defendant lawyers did not retain the detective agency; that Gogas had employed that agency prior to contacting the attorneys; and that the alleged defamatory information was never released by the attorney defendants to anyone.

In opposition to the motion there was submitted only an affidavit by an attorney associated with the law firm representing the plaintiffs. That affirmation was not based upon personal knowledge. It sets forth in only broad, conclusory language what the plaintiffs "contend".

It is well settled that a plaintiff opposing a motion for summary judgment must lay bare his proof in evidentiary form and raise an issue of fact requiring a trial *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 327 [1986]; *Green v Fischbein, Olivieri, Rozenholc & Badillo,* 135 AD2d 415, 418 [1st Dept 1987]). In any event, statements of counsel without knowledge of the facts are not sufficient to overcome a proper motion for summary judgment *(Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 553 [1982]; *Simpson v Term Indus.,* 126 AD2d 484, 485 [1st Dept 1987]). In view of the totally inadequate response to

defendants' motion, summary judgment should have been granted in their favor. We note further that the plaintiffs-respondents filed no briefs on this appeal. Concur—Kupferman, J. P., Asch, Kassal, Rosenberger and Smith, JJ.