■ INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Appellant, v CHAUNCEY GATTERDUM, as Administrator of the Estate of BLANCHE GATTERDUM, Deceased, et al., Respondents.
—Casey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Green, J.), entered September 22, 1989 in Orange County, which, *inter alia,* granted defendants' motion for summary judgment and declared that plaintiff was required to defend and indemnify defendant Carmello A. Lazzaro, Jr. in an action commenced against him.

Defendant Carmello A. Lazzaro, Jr. was driving a vehicle insured by plaintiff which struck a group of pedestrians, killing one person and injuring another. Plaintiff was informed of the occurrence in October 1987. A negligence action was commenced against Lazzaro on April 19, 1988, and a copy of the summons and complaint was forwarded to plaintiff on May 25, 1988. Plaintiff issued a disclaimer on July 13, 1988 upon the ground that Lazzaro acted intentionally and the policy excluded injuries resulting from intentional acts.

Plaintiff commenced this action seeking a declaratory judgment declaring that plaintiff had no duty to defend and indemnify Lazzaro in the underlying negligence action. Various motions and cross motions resulted in several orders, only one of which is the subject of this appeal. Upon defendants' motion to dismiss the complaint on the ground that plaintiff had failed to give timely notice of disclaimer, Supreme Court concluded that plaintiff's disclaimer was untimely. Noting that dismissal of a complaint in a declaratory judgment action

was not appropriate in these circumstances, Supreme Court declared that plaintiff was required to defend and indemnify Lazzaro. This appeal by plaintiff ensued. We affirm.

Pursuant to Insurance Law § 3420 (d), plaintiff was required to give written notice of disclaimer "as soon as is reasonably possible". A failure by an insurer to give the required notice as soon as is reasonably possible after it first learns of the accident or of grounds for disclaimer precludes effective disclaimer (*Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028). An unexplained two-month delay has been held to be unreasonable as a matter of law, with the Court of Appeals explaining that: "the insurer has had a full opportunity to explain the delay, and has failed to do so. Although a two-month delay may often be easily justified, if in fact there be justification, no attempt was made to do so in this case, and speculation as to possible legitimate reasons for the delay is inappropriate. It is the responsibility of the insurer to explain its delay; it is not the function of the courts to engage in speculation as to what might have happened in order to remedy a failure of proof" (*supra,* at 1030).

Here, plaintiff waited some nine months after learning of the accident before giving the required written notice of disclaimer. Accordingly, in response to defendants' motion, pursuant to both CPLR 3211 and 3212, it was incumbent upon plaintiff to come forward with evidentiary proof in admissible form to show at least a triable issue of fact as to the existence of a reasonable justification for the delay. Plaintiff submitted an affidavit of its attorney stating that the investigation "was made extremely difficult" due to the ongoing police investigation of the incident. Although the inability to promptly investigate the incident may provide a justification for a brief delay in disclaimer (*see, Norfolk & Dedham Mut. Fire Ins. Co. v Petrizzi,* 121 AD2d 276, *lv denied* 68 NY2d 611), there was no affidavit here from anyone with personal knowledge of the investigation. The affidavit of counsel, who lacked personal knowledge of the facts, was patently insufficient (*see, e.g., Christostomides v Fidelity Detective Bur.,* 148 AD2d 348; *Olan v Farrell Lines,* 105 AD2d 653, *affd* 64 NY2d 1092).

We note that the record contains affidavits from an investigator and one of plaintiff's claims supervisors, but these affidavits were sworn to after entry of the order on appeal, and apparently they were submitted in support of what plaintiff labeled as a motion for reargument. Supreme Court granted the motion to reargue and adhered to its prior decision, concluding that plaintiff had offered no excuse for not

submitting the affidavits on the original motion. An order granting reargument supersedes the original order, requiring dismissal of the appeal from the original order *(see, Mastan Co. v Weil,* 84 AD2d 657). We are of the view, however, that plaintiff's motion was actually one to renew since it was based upon additional facts, and that Supreme Court effectively denied the motion. The appeal, if any, of that order is not before us and, therefore, we express no view as to the propriety of Supreme Court's denial of the renewal motion. The order before us on this appeal must be affirmed since plaintiff failed to carry its burden of showing a reasonable justification for the nine-month delay in giving written notice of disclaimer.

Order affirmed, with costs. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.