■ NOVA CASUALTY COMPANY, Appellant, v CHARBONNEAU ROOFING, INC., et al., Respondents.—Weiss, P. J. Appeal from an order of the Supreme Court (Viscardi, J.), entered March 22, 1991 in Saratoga County, which, inter alia, granted defendants' motion for summary judgment and made a declaration in their favor.

Defendant William Stoudenmyre was injured on October 21, 1989 as the result of a fall from a ladder owned and positioned by defendant Charbonneau Roofing, Inc. Charbonneau Roofing failed to inform plaintiff, its liability insurer, of the fall until after a summons and complaint had been served upon the corporation on February 1, 1990 in a personal injury action by Stoudenmyre and his wife. Plaintiff served an answer on behalf of Charbonneau Roofing and conducted discovery. By letter dated February 20, 1990, plaintiff sent Charbonneau Roofing a reservation of rights letter because Charbonneau

Roofing had not promptly reported the accident as required by the liability policy plaintiff issued to Charbonneau Roofing. Plaintiff did not give similar notice to the Stoudenmyres. Neither Charbonneau Roofing nor the Stoudenmyres were informed of the fact that plaintiff had disclaimed coverage until July 30, 1990 when plaintiff commenced the instant action seeking a judgment declaring that it was not obligated to defend and indemnify Charbonneau Roofing in the Stoudenmyres' lawsuit. This notice was given more than five months after plaintiff admittedly had become aware of the accident.

The Stoudenmyres sought summary judgment declaring plaintiff to be fully obligated under the policy to defend and indemnify Charbonneau Roofing. Charbonneau Roofing submitted an affidavit in support of the Stoudenmyres' motion. Plaintiff cross-moved for summary judgment for the relief requested in the complaint. Supreme Court granted the Stoudenmyres' motion, finding that plaintiff had failed to timely notify defendants of its disclaimer as required by Insurance Law § 3420 (d), and denied plaintiff's cross motion. Plaintiff has appealed.

Plaintiff contends that the five-month and 10-day period of time which elapsed between its February 20, 1990 reservation of rights letter and the commencement of this action on July 30, 1990, which constituted its initial notice of disclaimer to the Stoudenmyres, was not unreasonable as a matter of law under the circumstances of the case. Plaintiff contends that Peter Charbonneau (hereinafter Charbonneau), president of Charbonneau Roofing, initially failed to cooperate with its adjuster by failing to meet with him until March 22, 1990.*

In the affidavit by Gerald Szustakowski, plaintiff's claims manager, plaintiff contends there were conflicting indications as to whether the Stoudenmyres intended to pursue a claim under Labor Law § 240 in addition to their negligence claim. In further support for its disclaimer, plaintiff contends that it has been unable to inspect the [lost] ladder and that it has

---

* The adjuster's letter purportedly supporting this contention merely indicates that Charbonneau wanted to clear the meeting with the attorney assigned by plaintiff and that thereafter the two left several telephone messages for one another. There is no factual support in the record to conclude that Charbonneau was uncooperative with his insurance company. Moreover, there is no indication that the adjuster's assignment related to an investigation into the viability of the disclaimer, as distinct from the investigation of Charbonneau Roofing's defense. Finally, the adjuster's letter does not attribute all of the very short delay to Charbonneau, much less assess any fault or lack of cooperation against him.

learned that although Charbonneau had been contacted by an investigator on behalf of the Stoudenmyres on November 21, 1989, he failed to notify plaintiff of the accident at that time. Plaintiff argues that these grounds raise a factual issue as to whether its disclaimer, grounded upon Charbonneau Roofing's delay in giving it notice of the claim, was issued as soon as was reasonably possible. We disagree and affirm.

Neither the short delay in interviewing Charbonneau nor the Stoudenmyres' continuance or discontinuance of a Labor Law claim as part of their action provides any basis for plaintiff's delay in disclaiming under the policy. Plaintiff was immediately aware of the extent of delay by its insured in reporting the incident. Plaintiff has failed, however, to explain what steps, if any, it took to ascertain the viability of its right to disclaim (expressed in the reservation of rights letter) which would justify its own delay in disclaiming (see, New York Cent. Mut. Fire Ins. Co. v Markowitz, 147 AD2d 461). The chance discovery of two facts in early July 1990, as the result of ordinary pretrial disclosure conducted by the defense attorney assigned by plaintiff to defend the ladder accident action, was not the product of any effort by plaintiff concerning the disclaimer. Moreover, the recitation of those facts, the loss of the ladder sometime prior to July 2, 1990 and the contact of Charbonneau by an investigator in undescribed circumstances do not add credence to the reasonableness of plaintiff's delay.

The reasonableness of any delay in disclaiming is judged from the point in time when an insurer becomes aware of sufficient facts upon which to base a disclaimer (Aetna Cas. & Sur. Co. v Brice, 50 NY2d 958, affg on mem below 72 AD2d 927; Massachusetts Bay Ins. Co. v Pendleton, 159 AD2d 770, 772). Reasonableness is determined upon the circumstances of the case which require the insurer to take more or less time to make, complete and act diligently on the investigation of its coverage (Aetna Cas. & Sur. Co. v Brice, supra; Hartford Ins. Co. v County of Nassau, 46 NY2d 1028, 1030). Here, plaintiff has failed to raise an issue of fact as to whether it acted either reasonably or diligently, or that it conducted an investigation of coverage (see, Matter of Blee v State Farm Mut. Auto. Ins. Co., 168 AD2d 615; Interboro Mut. Indem. Ins. Co. v Gatterdum, 163 AD2d 788, 789; New York Cent. Mut. Fire Ins. Co. v Markowitz, supra). Accordingly, Supreme Court's order should be affirmed.

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.