■ In the Matter of the Arbitration between EAGLE INSUR-
ANCE COMPANY, Respondent, and ORLANDO MOREL, Appellant.
[609 NYS2d 128] —Order unanimously reversed on the law with
costs and petition dismissed. Memorandum: On March 26,
1991, petitioner received notice that respondent was seeking
uninsured motorist benefits. Five and a half months later,
respondent demanded arbitration of his claim. By petition
served September 25, 1991, petitioner commenced the instant
proceeding to stay arbitration on the ground that the unin-
sured motorist endorsement of the policy excludes coverage of
an insured who sustains injury "while operating an automo-
bile in violation of an order of suspension."

Supreme Court erred in granting the petition. "[A]n insur-
ance company may not disclaim liability if it fails to give the
insured timely notice of disclaimer 'as soon as is reasonably
possible after it first learns of the accident or grounds for
disclaimer of liability' (Hartford Ins. Co. v County of Nassau,
46 NY2d 1028, 1029; Kramer v Interboro Mut. Indem. Ins. Co.,
176 AD2d 308)" (Matter of Nationwide Mut. Ins. Co. [Steiner],
199 AD2d 507). Petitioner bore the burden of establishing the
reasonableness of its delay in notifying respondent of its
disclaimer (see, Matter of State Farm Auto. Ins. Co. [Merrill],
192 AD2d 824; Matter of Blee v State Farm Mut. Auto. Ins.
Co., 168 AD2d 615). Petitioner's attempt to explain the delay
through the affidavit of counsel, who lacked personal knowl-
edge of the facts, is insufficient to meet that burden (see,
Interboro Mut. Indem. Ins. Co. v Gatterdum, 163 AD2d 788,
789). Petitioner had all of the information it needed to investi-
gate the status of respondent's driver's license when it re-
ceived respondent's claim (cf., Matter of Allcity Ins. Co. [Jime-
nez], 78 NY2d 1054). Absent evidence that it "acted either
reasonably or diligently, or that it conducted an investigation
of coverage", petitioner's failure to ascertain that respondent's
license was suspended does not excuse the six-month delay in
disclaiming coverage (Nova Cas. Co. v Charbonneau Roofing,
185 AD2d 490, 492; Interboro Mut. Indem. Ins. Co. v Gatter-
dum, supra). (Appeal from Order of Supreme Court, Nassau
County, Robbins, J.—Stay Arbitration.) Present—Green, J. P.,
Balio, Fallon, Doerr and Boehm, JJ.