■ In the Matter of EAGLE INSURANCE COMPANY, Respondent, v JUAN A. PEREZ et al., Appellants. [619 NYS2d 162] —In a proceeding to stay arbitration of an uninsured motorist claim, Juan A. Perez and Blas Gonzalez appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated July 23, 1993, as granted the petition insofar as it was for a stay of arbitration of the uninsured motorist claim of Juan A. Perez.

Ordered that the appeal of Blas Gonzalez is dismissed; and it is further,

Ordered that the order is reversed insofar as appealed from by Juan A. Perez, on the law, the proceeding is dismissed insofar as it is asserted against him, and the petitioner is directed to proceed to arbitration of Juan A. Perez's claim; and it is further,

Ordered that Juan A. Perez is awarded one bill of costs, payable by the petitioner.

Juan A. Perez and Blas Gonzalez filed sworn notices of intent to make claim, each one dated November 27, 1992. The petitioner Eagle Insurance Company (hereinafter Eagle) received these notices on December 9, 1992. Both notices related to a two-vehicle accident which occurred on September 12, 1992. At the time of the accident, Perez was driving a 1982 Chevrolet, owned by Post Trans, Inc., and insured under a motor vehicle liability policy issued by Eagle. The two claims were based on the uninsured and unidentified status of the second vehicle involved in the collision.

Perez and Gonzalez filed a demand for arbitration in April 1993. Eagle then brought this proceeding to stay arbitration by notice of petition and petition dated April 22, 1993. The Supreme Court granted the petition insofar as it was against Perez, based on proof that Perez had violated a policy exclusion relating to injuries sustained " 'while operating an automobile in violation of an order of suspension or revocation' " *(Matter of Aetna Cas. & Sur. Co. v Gonzalez,* 84 AD2d 528). The court held that Eagle's delay in disclaiming based on this exclusion was irrelevant, because "the issue involved * * * the existence of insurance" *(Zappone v Home Ins. Co.,* 55 NY2d 131). The court adjourned the proceeding as to Gonza-

lez, to permit further investigation. Both Perez and Gonzalez have appealed.

Counsel for Perez and Gonzalez acknowledges that so much of the order as adjourned the proceeding with respect to Gonzalez is not appealable. Counsel advises, in fact, that by virtue of a subsequent judgment, not now under review, the petition insofar as it is against Gonzalez has been dismissed.

With respect to so much of the proceeding as relates to Perez, Eagle failed to explain its delay of over four months in issuing its disclaimer (see, Insurance Law § 3420 [d]; *Matter of Eagle Ins. Co. [Morel],* 202 AD2d 1064). We do not agree with the Supreme Court that Eagle had no obligation to disclaim as soon as reasonably possible. Eagle's policy clearly covered the vehicle in question, and the scope of this coverage extended to permissive users. Eagle's forfeiture of its right to rely on the disclaimer owing to its delay does not result in the creation of insurance coverage which would otherwise not exist (cf., *Zappone v Home Ins. Co., supra*).

For these reasons, the appeal by Gonzalez should be dismissed, and the order, insofar as it is appealed from by Perez, should be reversed, and the proceeding should be dismissed in its entirety. In light of this disposition, we need not address the appellants' remaining contention. Bracken, J. P., Lawrence, Friedmann and Goldstein, JJ., concur.