■ Dependible Janitorial Services, Inc., Appellant, v Transcontinental Insurance Company, Respondent. [622

---

NYS2d 632] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Spain, J.), entered February 17, 1994 in Rensselaer County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff, insured under a commercial general liability policy issued by defendant, seeks a declaration that defendant is obliged to defend and indemnify it in connection with a wrongful death action stemming from an automobile accident involving one of plaintiff's employees. After issue was joined, defendant moved for summary judgment dismissing the complaint, on the ground that the policy expressly excluded from coverage liability for bodily injury arising out of a motor vehicle accident; plaintiff cross-moved for summary judgment, arguing that defendant's failure to promptly notify plaintiff of its intention to deny coverage on the basis of a policy exclusion renders its attempt to do so a nullity *(see, Zappone v Home Ins. Co.,* 55 NY2d 131, 138). Supreme Court granted defendant's motion and denied plaintiff's cross motion, and this appeal ensued.

Insurance Law § 3420 (d) requires that an insurer notify its insured of its intent to disclaim liability or deny coverage "as soon as is reasonably possible". Failure to comply with this requirement renders the disclaimer or denial ineffective *(see, Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029), regardless of whether the insured is able to show prejudice resulting from the delay *(see, Allstate Ins. Co. v Gross,* 27 NY2d 263, 269; *Dryden Mut. Ins. Co. v Michaud,* 115 AD2d 150, 151). Whether a particular delay is unreasonable, given the circumstances, is generally a question of fact *(see, Allstate Ins. Co. v Gross, supra,* at 270), but a lengthy delay, or one for which the insurer provides no satisfactory explanation, has been found to be unreasonable as a matter of law *(see, Hartford Ins. Co. v County of Nassau, supra,* at 1030; *Interboro Mut. Indem. Ins. Co. v Gatterdum,* 163 AD2d 788, 789; *Cassara v Nationwide Mut. Ins. Co.,* 144 AD2d 974, 974-975).

In the case at hand, the claim as to which plaintiff seeks indemnification is the second suit brought by the same complainant; when coverage was denied with regard to the complainant's first lawsuit, due to the policy exclusion, complainant filed a second complaint, premised upon different theories of negligence, in an attempt to state a claim for which coverage would be provided. Apparently unsure if its policy provided indemnification for the liability that might be incurred as a result of this latter action, defendant did not deny coverage immediately, but instead assigned an attorney to

prepare and serve an answer on plaintiff's behalf. Five months after commencement of the second action, defendant denied coverage, relying again on the same policy exclusion it had invoked in the first action.

Inasmuch as it was not immediately obvious to defendant that the claims raised in the second action came within the scope of the policy exclusion, it cannot be said that the denial of coverage in the first lawsuit should have placed plaintiff on notice that coverage would be denied as to the second, or excused defendant from meeting its statutory obligation with respect thereto, especially since it had begun to provide a defense on plaintiff's behalf (see, Dryden Mut. Ins. Co. v Michaud, supra, at 152; cf., John v Centennial Ins. Co., 91 AD2d 1104, 1106, lv denied 59 NY2d 605). Given the five-month delay, which is, prima facie, unreasonable (see, Hartford Ins. Co. v County of Nassau, supra, at 1030; Nova Cas. Co. v Charbonneau Roofing, 185 AD2d 490, 492), defendant was obliged to present proof, in admissible form, from which a trier of fact could conclude that notification was provided as statutorily prescribed, namely, " 'as soon as [was] reasonably possible' " (Interboro Mut. Indem. Ins. Co. v Gatterdum, supra, at 789). This has not been done.

The only evidence in the record possibly explaining the delay is found in defendant's letter of denial, wherein its claims representative states that the second complaint "required that we do additional investigation to the facts of the accident and also how your insurance coverage would apply". While a need for further investigation may excuse a brief delay, the conclusory statements do not provide evidentiary justification for the five-month hiatus; they do not explain what was investigated or why such an extended period of time was required.

In sum, we find that the notice of denial is ineffective and, accordingly, that defendant must defend and indemnify plaintiff with respect to the action at issue (see, Cassara v Nationwide Mut. Ins. Co., 163 AD2d 818, 819; cf., Progressive Cas. Ins. Co. v Conklin, 123 AD2d 6, 8; John v Centennial Ins. Co., supra, at 1106).

Mikoll, J. P., Crew III and White, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied, cross motion granted, summary judgment awarded to plaintiff and it is declared that defendant is obligated to defend and indemnify plaintiff in the underlying wrongful death action.