■ DAVIS S. MORRIS, Doing Business as HYTEK CONSTRUCTION, et al., Respondents, v MERCHANTS MUTUAL INSURANCE COMPANY, Appellant. [645 NYS2d 207] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied plaintiff's motion and defendant's cross motion for summary judgment. The uncontroverted evidence establishes that defendant would not have issued a comprehensive general liability insurance policy for a roofing business and there is a question of fact whether plaintiff misrepresented to defendant's agent that plaintiff's newly-formed business would be principally engaged in carpentry work, rather than roofing. The record also does not establish whether the work in question was being performed by plaintiff's newly-formed business (David S. Morris, doing business as Hytek Construction), or by his preexisting business (David S. Morris, doing business as David Morris Roofing and Siding). Plaintiff's reliance on *Holiday Point Realty Co. v Kemper Corp.* (118 AD2d 545) is misplaced. In *Holiday Point*, the extent of the risk insured was unaffected by the name of the entity under which the plaintiff was doing business, whereas here, one of plaintiff's two businesses performs work that defendant would never have insured.

The court also properly refused to grant plaintiff summary judgment on the ground that defendant's notice of disclaimer was untimely. If it is determined that the policy was void *ab initio* because of material misrepresentations by plaintiff (*see, INA Underwriters Ins. Co. v Forde & Co.*, 630 F Supp 76, 77), or if the work in question was being performed by an entity other than the named insured, then defendant's alleged failure to give timely notice of disclaimer would not create coverage where none exists (*see, Zappone v Home Ins. Co.*, 55 NY2d 131, 138). (Appeals from Order of Supreme Court, Oneida County, Murad, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wesley, Callahan and Boehm, JJ.