■ CAROL TARADENA, as Administratrix of the Estate of ROBERT MENZ, Deceased, Appellant, v NATIONWIDE MUTUAL INSURANCE COMPANY et al., Respondents. [659 NYS2d 646] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Robert Menz died on January 18, 1994 allegedly from injuries he sustained when the 1977 Buick automobile he was driving was struck head-on by a vehicle owned by Dorothy Batterson and driven by Ian H. Batterson, who also died. The vehicle operated by Menz was insured by defendant Nationwide Mutual Insurance Company (Nationwide). Nationwide was notified of the accident on January 18, 1994 and commenced an investigation. During an interview with the insured, Susan A. McClurg, on January 24, 1994, McClurg informed a Nationwide representative that she did not own the 1977 Buick automobile and was not the principal driver of that vehicle. She stated that Menz was the owner and principal driver and that she had procured insurance coverage for the vehicle because it would have cost too much for Menz

to do so. In March 1994 plaintiff, Carol Taradena, the administratrix of Menz's estate, was notified that the company that had insured the Batterson vehicle was disclaiming coverage and, by letter dated March 23, 1994, plaintiff notified Nationwide of a potential claim for uninsured or underinsurance benefits. Plaintiff commenced a personal injury and wrongful death action against Dorothy Batterson and Michael Harter, the administrator of Ian Batterson's estate, alleging that the Batterson vehicle crossed over the center line of the highway and into Menz's lane of travel. David H. Rockell, who was a passenger in the Menz vehicle, and his wife brought a personal injury action against Menz's estate, McClurg, Dorothy Batterson and Ian Batterson's estate. On December 15, 1994, Nationwide disclaimed coverage on the ground that, in applying for insurance, Menz and McClurg had made material misrepresentations. Plaintiff brought this action seeking a declaration of her right to coverage and the obligation of Nationwide to defend and indemnify her in the Rockell action. Plaintiff appeals from an order denying her motion for summary judgment.

We agree with Nationwide that, in the circumstances of this case, material misrepresentations concerning ownership and the identity of the principal operator of the subject vehicle made while applying for insurance coverage, if proven, would void the automobile insurance policy *ab initio* (*see, Sun Ins. Co. v Hercules Sec. Unlimited*, 195 AD2d 24, 30; *Travelers Indem. Co. v Avelino*, 191 AD2d 229). Further, if the policy is void *ab initio*, the insured who is a claimant cannot create coverage that would not otherwise exist by relying upon the failure to provide timely notice of disclaimer (*see, Morris v Merchants Mut. Ins. Co.*, 229 AD2d 992). Supreme Court properly determined that factual issues exist whether Menz or McClurg, in seeking to obtain insurance coverage, made material misrepresentations. Thus, to the extent plaintiff sought a declaration that Nationwide is obligated to provide coverage for her claim for uninsurance or underinsurance benefits, the court properly denied the motion for summary judgment.

However, we modify the judgment to grant that portion of the motion seeking a declaration that Nationwide is obligated to provide a defense in the Rockell action. The common-law right to void a policy *ab initio* for fraud or misrepresentation does not apply because "it is [not] alleged that the [Rockells themselves] participated in the fraudulent issuance of the policy" (*Travelers Indem. Co. v Avelino, supra*, at 229-230). Requiring Nationwide to provide a defense to plaintiff would

foster the purpose of the compulsory automobile insurance laws, which are "designed to protect innocent victims of motor vehicle accidents," i.e., the Rockells (*Travelers Indem. Co. v Avelino, supra,* at 229; *see also, Middlesex Ins. Co. v Carrero,* 103 AD2d 694, 694-695). Nationwide failed to justify its 10-month delay in providing notice of disclaimer to its insured, and we conclude that the disclaimer was untimely as a matter of law (*see, Dependible Janitorial Servs. v Transcontinental Ins. Co.,* 212 AD2d 946, *lv denied* 85 NY2d 811; *Matter of Eagle Ins. Co. [Morel],* 202 AD2d 1064; *Cassara v Nationwide Mut. Ins. Co.,* 144 AD2d 974). Thus, the judgment is modified by granting in part plaintiff's motion for summary judgment and granting judgment in favor of plaintiff declaring that Nationwide is obligated to defend and, if liability is found, to indemnify plaintiff in the Rockell action. (Appeal from Judgment of Supreme Court, Erie County, Whelan, J.—Declaratory Judgment.) Present—Pine, J. P., Callahan, Doerr, Balio and Boehm, JJ.