■ TIMOTHY E. WASKIEWICZ et al., as Coadministrators of the Estate of JANE L. WASKIEWICZ, Deceased, et al., Appellants, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent. [675 NYS2d 733] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum:

Supreme Court properly denied plaintiffs' motion for summary judgment. The court erred, however, in granting defendant's cross motion for summary judgment insofar as it sought dismissal of the complaint and in failing to declare the rights of the parties (*see, Pless v Town of Royalton*, 185 AD2d 659, 660, *affd* 81 NY2d 1047). We therefore modify the judgment by denying defendant's cross motion for summary judgment insofar as it sought dismissal of the complaint, reinstating the complaint and granting judgment in favor of defendant declaring that it is not precluded from disclaiming coverage and that, by reason of the offset provision of the supplementary uninsured motorists (SUM) endorsement, the SUM benefits provided by that endorsement and defendant's liability therefor have been exhausted.

The policy covering the vehicle of plaintiff Robert E. Waskiewicz, Sr., and his wife provides a single limit of $500,000 for bodily injury and includes a SUM endorsement providing SUM coverage of $25,000 per person, or $50,000 if bodily injury results in death. The SUM endorsement also includes an offset provision, reducing the amount of SUM coverage by the amount recovered from a third party. Plaintiffs Robert E. Waskiewicz, Sr., and the coadministrators of his wife's estate each received $50,000 from the policy covering the other vehicle, thereby exhausting the bodily injury limits of that policy. Plaintiffs then filed claims for SUM benefits under the policy covering the Waskiewicz vehicle. Fifteen months later, defendant denied coverage on the ground that, upon offsetting the amounts received from the other vehicle's insurance, the SUM limits of the policy were exhausted and no coverage remained.

Although defendant's unexplained delay of 15 months in disclaiming coverage is untimely as a matter of law (*see, Taradena v Nationwide Mut. Ins. Co.*, 239 AD2d 876; *Matter of Eagle Ins. Co. [Morel]*, 202 AD2d 1064), the failure to disclaim timely does not preclude defendant insurer from raising the defense of noncoverage " 'where, as here, [the] insurer has paid the full monetary limits set forth in the policy' " (*Presbyterian Hosp. v General Acc. Ins. Co.*, 229 AD2d 479, 480, quoting *Presbyterian Hosp. v Liberty Mut. Ins. Co.*, 216 AD2d 448; *see, Morris v Merchants Mut. Ins. Co.*, 229 AD2d 992). The contract includes the mandatory offset provision, and the premium was based on that reduction in coverage. Thus, precluding defendant from raising the defense of noncoverage would impermissibly impose on the insurer "an added source of indemnification which had never been contracted for and for which no

premium had ever been paid" (*Zappone v Home Ins. Co.*, 55 NY2d 131, 137). (Appeal from Judgment of Supreme Court, Oneida County, Grow, J.—Summary Judgment.) Present— Denman, P. J., Green, Pigott, Jr., Balio and Boehm, JJ.