■ In the Matter of ALBERT M. RANIERI et al., Appellants, v THOMAS R. ARGUST, as Commissioner of Community Development of City of Rochester, et al., Respondents. [679 NYS2d 765] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: On February 28, 1996, defendant City of Rochester (City) issued a building permit to enable plaintiffs to make certain improvements to a 143-square foot corner area of their building in order to operate a firearms sales store. On April 19, 1996, the City issued to plaintiffs a partial Certificate of Occupancy for such use. On September 24, 1996, the City Council enacted Ordinance 96-297, which added section 47-4 to the Municipal Code. That enactment prohibits the locations of businesses for the storage, possession or display of firearms within 100 feet of a residential use. Because plaintiffs' property is located within 100 feet of a residential use, defendant Thomas R. Argust, Commissioner of Community Development of the City of Rochester, determined that the partial Certificate of Occupancy issued on April 19, 1996 was no longer valid and directed plaintiffs to cease any use of the portion of their building as a firearms sales store. Plaintiffs commenced this combined declaratory judgment action and CPLR article 78 proceeding, seeking to annul that determination and obtain declarations that they have a vested right to operate under the April 1996 partial Certificate of Occupancy and that the City has selectively enforced Ordinance 96-297 against them in violation of the equal protection provisions of the United States and New York Constitutions.

Supreme Court properly refused to annul the determination of Argust. The court also properly granted the cross motion of defendants insofar as it sought a judgment declaring that its determination was valid. The court erred, however, in failing to declare the rights of the parties and in dismissing the complaint (*see, Waskiewicz v New York Cent. Mut. Fire Ins. Co.*, 252 AD2d 944; *Pless v Town of Royalton*, 185 AD2d 659, 660, *affd* 81 NY2d 1047). Thus, we modify the judgment by granting in part defendants' cross motion, vacating that portion dismissing the complaint, reinstating the complaint and grant-

ing judgment in favor of defendants declaring that, upon enactment of Ordinance 96-297 by the City, the partial Certificate of Occupancy issued on April 19, 1996 ceased to be valid, and plaintiffs had no vested right to occupy the premises as a firearms sales store. "In New York, a vested right can be acquired when, pursuant to a legally issued permit, the landowner demonstrates a commitment to the purpose for which the permit was granted by effecting substantial changes and incurring substantial expenses to further the development * * * The landowner's actions relying on a valid permit must be so substantial that the municipal action results in serious loss rendering the improvements essentially valueless" (*Town of Orangetown v Magee*, 88 NY2d 41, 47-48, citing *People v Miller*, 304 NY 105, 109). Plaintiffs failed to establish that, prior to enactment of the ordinance, they engaged in the lawful sale of firearms in reliance upon the partial Certificate of Occupancy or incurred substantial expense in reliance upon the building permit. Although subdivisions (C) and (E) of section 47-5 of the City's Municipal Code exempt firearms dealers licensed either by New York or the United States from prohibitions against the possession and disposal of firearms, those subdivisions conflict with Penal Law § 400.00 (1), which prohibits a person from engaging in the business of firearms dealer unless he has been licensed to do so pursuant to section 400.00. Because section 47-5 is not intended to conflict with State law (*see*, Municipal Code of City of Rochester § 47-5 [A]), that section must be read to exempt only persons licensed by the State from the prohibition against the possession and sale of firearms. Although plaintiff Albert M. Ranieri possessed a Federal license to operate as a dealer in firearms, his application for a New York State gunsmith-dealer in firearms license had been denied. Thus, the record establishes that neither plaintiff was lawfully authorized to operate a firearms sales store at the subject premises prior to the enactment of Ordinance 96-297.

Plaintiffs erected wall partitions and a door and door frame pursuant to the building permit. The record establishes that the cost of those improvements did not exceed $1,000. That expenditure is not substantial (*see,.People ex rel. Publicity Leasing Co. v Ludwig*, 172 App Div 71, 74, *affd* 218 NY 540, *rearg denied* 219 NY 553, *mot to amend remittitur granted* 219 NY 586; *Reichenbach v Windward at Southampton*, 80 Misc 2d 1031, 1035, *affd* 48 AD2d 909, *lv dismissed* 38 NY2d 710, 912). Moreover, plaintiffs failed to establish that "the municipal action result[ed] in serious loss rendering the improvements essentially valueless" (*Town of Orangetown v Magee, supra*, at 48).

The contention concerning selective enforcement has not been raised on appeal and thus is deemed abandoned (*see, Ciesinski v Town of Aurora*, 202 AD2d 984). (Appeal from Judgment of Supreme Court, Monroe County, Frazee, J.—CPLR art 78.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Boehm, JJ.