■ LINDA TYRAS et al., Respondents, v MOUNT VERNON FIRE INSURANCE COMPANY, Appellant, et al., Defendant. [828 NYS2d 448]—

In an action, inter alia, for a judgment declaring that the defendant Mount Vernon Fire Insurance Company is obligated to defend and indemnify the defendants H. Mauro & Sons, Inc., and Henry Mauro in an action pending in Supreme Court, Queens County, under index No. 49847/02, entitled *Tyras v H. Mauro & Sons,* the defendant Mount Vernon Fire Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated May 13, 2005, as denied that branch of its motion which was for summary judgment on its counterclaim to rescind the policy.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Mount Vernon Fire Insurance Company (hereinafter Mt. Vernon) counterclaimed, inter alia, to rescind a policy of insurance issued to the defendants H. Mauro & Sons, Inc., and Henry Mauro (hereinafter collectively Mauro) on the basis that the latter allegedly misrepresented material information in Mauro's application for insurance. Insurance Law § 3105 (a) defines a representation as a "statement as to past or present fact, made to the insurer . . . at or before the making of the insurance contract as an inducement to the making thereof," and "[a] misrepresentation is a false representation, and the facts misrepresented are those facts which make the representation false." Such a statement is material if "knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such [a] contract" (Insurance Law § 3105 [b]). "[M]aterial misrepresentations . . . if proven, would void the . . . insurance policy ab initio" (*Taradena v Nationwide Mut. Ins. Co.,* 239 AD2d 876, 877 [1997]; *see also Sun Ins. Co. of N.Y. v Hercules Sec. Unlimited,* 195 AD2d 24 [1993]); however, "[t]he issue of materiality [of misrepresentation] is generally a question of fact for the jury" (*Parmar v Hermitage Ins. Co.,* 21 AD3d 538, 540 [2005]).

Here, after Mt. Vernon made out a prima facie case for summary judgment, the plaintiff raised questions of fact both as to the issue of Mauro's alleged misrepresentation and whether such misrepresentation, if any, was material. Accordingly, the court properly denied that branch of Mt. Vernon's motion which was for summary judgment to rescind the subject policy (*see Carpinone v Mutual of Omaha Ins. Co.,* 265 AD2d 752 [1999]; *Continental Ins. Co. v RLI Ins. Co.,* 161 AD2d 385 [1990]; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]).

The remaining contentions are without merit. Schmidt, J.P., Santucci, Lifson and Covello, JJ., concur.