■ SALEH AHMED MEAH et al., Respondents, v A. ALEEM CONSTRUCTION, INC., Defendant/Third-Party Plaintiff/Second Third-Party Plaintiff-Appellant, and GARDEN OF EDEN ASSOCIATES, L.P., Appellant. LIBERTY CONTRACTING & HOME IMPROVEMENT, Third-Party Defendant-Respondent; RUTGERS CASUALTY INSURANCE COMPANY, Second Third-Party Defendant-Respondent. [963 NYS2d 714]—

In an action to recover damages for personal injuries, etc., the defendant/third-party plaintiff/second third-party plaintiff, A.

Aleem Construction, Inc., and the defendant Garden of Eden Associates, L.P., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated July 14, 2011, as (1) denied those branches of their motion which were for summary judgment declaring that the second third-party defendant, Rutgers Casualty Insurance Company, did not issue a valid timely disclaimer of coverage in connection with the subject occurrence, that its insured, the third-party defendant, Liberty Contracting & Home Improvement, did not make material misrepresentations in its application for insurance with the second third-party defendant, and that the second third-party defendant is obligated to defend and indemnify the third-party defendant in this action, and (2) granted the cross motion of the second third-party defendant, Rutgers Casualty Insurance Company, in effect, for summary judgment declaring that it is not obligated to defend and indemnify the third-party defendant, Liberty Contracting & Home Improvement, or the defendant/third-party plaintiff/ second third-party plaintiff, A. Aleem Construction, Inc., in this action.

Ordered that the order is affirmed insofar as appealed from, with costs to the second third-party defendant-respondent, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate declaratory judgment in accordance herewith.

The plaintiffs allege that on August 18, 2005, the plaintiff Saleh Ahmed Meah, an employee of the third-party defendant, Liberty Contracting & Home Improvement (hereinafter Liberty), was working at a job site owned by the defendant Garden of Eden Associates, L.P. (hereinafter Garden of Eden), at which the defendant/third-party plaintiff/second third-party plaintiff, A. Aleem Construction, Inc. (hereinafter Aleem), was the general contractor or construction manager. While Meah was performing his work, he allegedly was cut by a saw and sustained injuries.

The plaintiffs commenced this personal injury action against Aleem and Garden of Eden. Aleem commenced a third-party action against Liberty, seeking, inter alia, common-law and contractual indemnification. Aleem commenced a second third-party action against Rutgers Casualty Insurance Company (hereinafter Rutgers), with which Liberty had a policy of insurance. In the second third-party action, Aleem sought a judgment declaring, among other things, that, pursuant to its policy of insurance with Liberty, Rutgers was obligated to defend and indemnify Aleem in this action. Aleem and Garden of Eden

(hereinafter together the appellants) moved, inter alia, for summary judgment on the causes of action in the third-party complaint against Liberty sounding in contractual indemnification, and for summary judgment declaring that disclaimers of coverage issued by Rutgers were untimely and that Rutgers was obligated to defend and indemnify Liberty. Liberty cross-moved, among other things, for summary judgment declaring that Rutgers was obligated to defend and indemnify it in this action. Rutgers cross-moved in effect, for summary judgment declaring that it was not obligated to defend and indemnify Liberty or Aleem. In the order appealed from, the Supreme Court, inter alia, denied that branch of the appellants' motion which was for summary judgment declaring that Rutgers was obligated to defend and indemnify Liberty, and granted Rutgers's cross motion, in effect, for summary judgment declaring that Rutgers was not obligated to defend and indemnify Liberty or Aleem.

The Supreme Court properly denied that branch of the appellants' motion which was for summary judgment declaring that Rutgers was obligated to defend and indemnify Liberty, and properly granted Rutgers's cross motion, in effect, for summary judgment declaring that Rutgers was not obligated to defend and indemnify Liberty and Aleem. "To establish the right to rescind an insurance policy, an insurer must show that its insured made a material misrepresentation of fact when he or she secured the policy" (*Interboro Ins. Co. v Fatmir*, 89 AD3d 993, 993-994 [2011]; *see Novick v Middlesex Mut. Assur. Co.*, 84 AD3d 1330, 1330 [2011]; *Varshavskaya v Metropolitan Life Ins. Co.*, 68 AD3d 855, 856 [2009]; *Schirmer v Penkert*, 41 AD3d 688, 690 [2007]; *Zilkha v Mutual Life Ins. Co. of N.Y.*, 287 AD2d 713, 714 [2001]). "A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented" (*Interboro Ins. Co. v Fatmir*, 89 AD3d at 994; *see* Insurance Law § 3105 [b]; *Novick v Middlesex Mut. Assur. Co.*, 84 AD3d at 1330; *Varshavskaya v Metropolitan Life Ins. Co.*, 68 AD3d at 856; *see Tyras v Mount Vernon Fire Ins. Co.*, 36 AD3d 609, 610 [2007]). " 'To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, that show that it would not have issued the same policy if the correct information had been disclosed in the application' " (*Interboro Ins. Co. v Fatmir*, 89 AD3d at 994, quoting *Schirmer v Penkert*, 41 AD3d at 690-691). " '[M]aterial misrepresentations . . . if proven, would void the . . . insurance policy ab initio' " (*Tyras v Mount Vernon Fire Ins. Co.*, 36 AD3d at 610, quoting *Taradena v Nationwide Mut. Ins. Co.*, 239 AD2d 876, 877 [1997]).

In support of its cross motion, Rutgers established, prima facie, that Liberty made material misrepresentations in its application for the subject insurance policy. On the application, Liberty represented that it would perform no "roofing" work during the period of coverage, and that it would perform no work at heights above two stories. It is undisputed that, at the time of the subject accident, Liberty's employees were performing work on a roof six stories above ground. Additionally, the evidence demonstrated that Liberty had performed similar work at prior projects during the policy year. Rutgers also established, prima facie, that these misrepresentations were material by demonstrating, through, inter alia, its underwriting guidelines and evidence of its past practices, that, had it been properly advised as to the type of work performed by Liberty, it would not have issued the subject policy. In opposition to Rutgers's prima facie showing of entitlement to judgment as a matter of law, the appellants failed to raise a triable issue of fact. Accordingly, based on the material misrepresentations, the subject policy was void ab initio (see Tyras v Mount Vernon Fire Ins. Co., 36 AD3d at 610; Taradena v Nationwide Mut. Ins. Co., 239 AD2d at 877).

Moreover, since Rutgers has sought rescission and it has been determined that the policy was void ab initio, contrary to the appellants' contention, Aleem cannot be an additional insured, as there was no valid existing policy (see Admiral Ins. Co. v Joy Contrs., Inc., 19 NY3d 448, 461 [2012]).

Additionally, since the policy issued by Rutgers was void ab initio, the issue of whether the disclaimers issued by Rutgers were untimely is rendered academic, as a claimant cannot create coverage that did not otherwise exist by relying on the failure to provide timely notice of disclaimer (see Taradena v Nationwide Mut. Ins. Co., 239 AD2d at 877; Morris v Merchants Mut. Ins. Co., 229 AD2d 992, 992 [1996]).

Accordingly, the Supreme Court properly denied those branches of the appellants' motion which were for summary judgment declaring that Rutgers did not issue a valid timely disclaimer of coverage, that Liberty did not make material misrepresentations in its application for insurance, and that Rutgers is obligated to defend and indemnify Liberty in this action, and properly granted Rutgers's cross motion for summary judgment, in effect, declaring that it is not obligated to defend and indemnify Liberty or Aleem in this action.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that Rutgers is not

obligated to defend and indemnify Liberty or Aleem in this action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.