■ HIGHLANDS HOUSE CLEANING SERVICE, INC., Respondent, v AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered June 21, 1982 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint. Plaintiff contracted with one Spalding to clean certain flooring at the Spalding residence in New Salem, New York. In the process of cleaning, the floor was marred by plaintiff's employees with the result that plaintiff had to pay for stripping, sanding and refinishing the floor and forfeited certain sums due under the contract to its damage in the sum of $2,000. Plaintiff gave defendant, its carrier, notice of the incident and proof of loss. However, defendant disclaimed upon the ground that section 2 (d) (I) of the "Broad Form Property Damage Endorsement" section of the policy excludes coverage for damages to property upon which the policyholder or its agents were working. Plaintiff then instituted this action against defendant who responded by moving for summary judgment dismissing the complaint. Special Term, upon its conclusion that the paragraphs of the complaint were somewhat contradictory, thus presenting possible issues of fact, denied defendant's motion. Though urged to do so, Special Term declined to accept *Zandri Constr. Co. v Firemen's Ins. Co. of Newark* (81 AD2d 106, affd *sub nom. Zandri Constr. Co. v Stanley H. Calkins, Inc.,* 54 NY2d 999) as controlling and dispositive. This was understandable since the precise provisions of the policy in *Zandri (supra)* were not furnished to the court. However, review of the record reveals that the provisions in that case and this were identical in each relevant part and unambiguously exclude coverage for property damage to the insured's work product caused by its failure to perform in a workmanlike manner. Our decision in *Zandri (supra)* is, therefore, for the same reasons therein stated, dispositive of the issue at bar. In sum, review of the policy terms demonstrates that defendant surely did not intend to provide coverage for claims against their insured for breach of express or implied warranties of workmanship when the damages claimed were the cost of correcting the unworkmanlike procedure. Summary judgment should have been granted. Order reversed, on the law, with costs; motion granted, and complaint dismissed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.