New York Central Mutual Fire Insurance Company, Respondent, v Michael Kilmurray et al., Defendants, and George J. Czapko, Jr., Appellant.

Third Department, June 25, 1992

**APPEARANCES OF COUNSEL**

*Brandt, Laughlin, Schaack, Whipple & Clark, P. C. (Richard F. Whipple, Jr.,* of counsel), for appellant.

*Damon & Morey (Kevin A. Lane* of counsel), for respondent.

**OPINION OF THE COURT**

CASEY, J.

Defendant Michael Kilmurray and his parents (hereinafter collectively referred to as the insureds) are the insureds under a homeowner's policy issued by plaintiff. As the result of an October 1988 altercation at The Caboose bar in Chautauqua County, defendant George J. Czapko, Jr. commenced a tort action against Kilmurray in January 1991. The summons and complaint were forwarded to plaintiff, and plaintiff denied coverage because of inadequate and untimely notice.

This action for a declaratory judgment was commenced by plaintiff against the insureds and Czapko, seeking a declaration that plaintiff had no duty to either defend or indemnify Kilmurray in the underlying action by Czapko. A judgment was thereafter entered upon the consent of the insureds declaring that plaintiff has no duty to defend and/or indemnify the insureds in any action against one or all of them by Czapko. Plaintiff then sought summary judgment against Czapko for a declaration that plaintiff has no obligation to provide coverage in the underlying action. Supreme Court granted summary judgment to plaintiff, resulting in this appeal by Czapko.

Under the doctrine of res judicata, or claim preclusion, a valid final judgment bars future litigation between those parties on the same cause of action, and the requisite identity of causes of action is determined by the pragmatic transaction test *(Matter of Hodes v Axelrod,* 70 NY2d 364, 372). The prior judgment in this case, which declares that plaintiff has no duty to defend and/or indemnify the insureds in any action against one or all of them by Czapko, is clearly a final disposition on the merits as to the insureds. There can be little doubt, therefore, that if Czapko is successful as the injured claimant in his tort action against one of the insureds (Kilmurray), the insureds would be estopped, by the claim preclusion effect of the judgment entered in this declaratory judgment action upon their consent, from commencing an action against plaintiff for indemnification under the insurance policy.

As the injured claimant seeking to recover damages in the tort action against one of the insureds, Czapko is probably the person most interested in the dispute between plaintiff and its insureds concerning plaintiff's duty under its insurance policy, even though Czapko has no contractual relationship with

plaintiff (see, Siegel, NY Prac § 437, at 665 [2d ed]). The injured claimant can maintain a direct action against the insurer if he obtains a judgment against an insured (Insurance Law § 3420 [b] [1]) and, therefore, he is a proper party to a declaratory judgment action by the insurer to determine its duty under the relevant insurance policy (see, e.g., Argonaut Ins. Co. v Occidental Petroleum Corp., 106 Misc 2d 5, 11). Inasmuch as plaintiff's potential liability to Czapko is predicated upon Czapko's rights under the direct action provision of Insurance Law § 3420 (b) (1), plaintiff is entitled to a declaratory judgment against Czapko if the judgment entered upon the consent of the insureds in this action would bar Czapko from commencing a direct action against plaintiff under Insurance Law § 3420 (b) (1) to recover on any judgment he might obtain against an insured in the tort action.

A judgment in a prior action is binding not only on the parties to that action, but also on those in privity with them (Green v Sante Fe Indus., 70 NY2d 244, 253). Thus, if Czapko is in privity with the insureds, the judgment entered upon the insureds' consent in this action declaring that plaintiff has no duty to defend or indemnify any of the insureds in an action by Czapko would bar Czapko from maintaining a direct action against plaintiff under Insurance Law § 3420 (b) (1).

In D'Arata v New York Cent. Mut. Fire Ins. Co. (76 NY2d 659), the injured claimant, who had obtained a judgment against an insured for personal injuries, commenced a direct action against the insurer pursuant to Insurance Law § 3420 (b) (1). In response, the insurer referred to the provision of its policy which excluded coverage for bodily injury that is expected or intended by the insured. Relying upon the insured's conviction of assault in the first degree based upon the incident which gave rise to the injured claimant's tort action against the insured, the insurer argued that the injured claimant was barred from relitigating the issue of the insured's intent even though the injured claimant was not a party to the criminal proceeding. The Court of Appeals agreed with the insurer and concluded that the injured claimant was in privity with the insured for collateral estoppel purposes. The court explained the preclusive effect to be given the results of prior litigation involving the insured: "Plaintiff [the injured claimant], by proceeding directly against defendant [the insurer], does so as subrogee of the insured's rights *and is subject to whatever rules of estoppel would apply to the insured*" (supra, at 665 [emphasis supplied]). Application of this

unambiguous rule to the instant appeal establishes that if Czapko is successful in his tort action against one of the insureds, he would be barred from bringing a direct action against plaintiff because the insureds are barred, under the doctrine of claim preclusion, from commencing an action for indemnification against plaintiff. This is not to say that Czapko was entirely without a remedy after the judgment on consent of the insureds was entered, for as an interested party he could have sought to reopen the judgment on one of the grounds specified in CPLR 5015 (a).

In the letter requesting entry of judgment on consent of the insureds pursuant to CPLR 3221, plaintiff's counsel stated that "this judgment does not concern the aspect of the case involving Mr. Czapko since Mr. Czapko is contesting the relief that we seek to obtain for [plaintiff]". This statement merely recognized that Czapko did not consent to the entry of judgment against him and, therefore, the action against him would not terminate upon entry of the judgment against the insureds. By recognizing that the action as to Czapko was to survive entry of the judgment against the insureds, plaintiff did not waive whatever preclusive effect that judgment might have on Czapko's rights. The judgment itself clearly and unambiguously declares that plaintiff has no duty to defend or indemnify any of the insureds in any action by Czapko. The judgment does not preserve Czapko's rights or otherwise attempt to limit the declaration's effect on Czapko's rights. Accordingly, the preclusive effect that the judgment has on the insureds is also applicable to Czapko (see, D'Arata v New York Cent. Mut. Fire Ins. Co., supra, at 665).

It is our view, therefore, that plaintiff is entitled to a declaration that Czapko is barred under the doctrine of claim preclusion from bringing a direct action against plaintiff pursuant to Insurance Law § 3420 (b) (1) to recover on any judgment he might obtain in his action against Kilmurray. Supreme Court's order should be modified accordingly.

MIKOLL, J. P. (concurring). I agree with the result reached by the majority but on different grounds than the doctrine of res judicata or claim preclusion. In my view the doctrine of collateral estoppel should not be applied in the instant circumstances because of notions of fairness and full opportunity to litigate enunciated in Matter of Halyalkar v Board of Regents (72 NY2d 261, 266, 268-269).

The statement that "this judgment does not concern the

aspect of the case involving Mr. Czapko since Mr. Czapko is contesting the relief that we seek to obtain for [plaintiff]" is some evidence that the judgment was not to be preclusive against defendant George J. Czapko, Jr. pursuing his claim against defendant Michael Kilmurray and raises a factual issue as to whether Kilmurray and his parents (hereinafter collectively referred to as the insureds) intended to prevent Czapko from having the opportunity to contest his claim. The argument that the judgment entered upon the insureds' consent precluded Czapko's claim was not raised by plaintiff until submission of its final memorandum dated August 1, 1991 to Supreme Court on the pending motions. Moreover, in an earlier memorandum dated July 19, 1991 plaintiff stated that the consent judgment was entered pursuant to an offer of compromise and concluded, "[t]hus, only George Czapko, Jr. contests the coverage issue". Admittedly, a copy of the consent judgment with notice of filing was not served on Czapko until July 17, 1991. Czapko's time to appeal from that order then would not have expired prior to the date of Supreme Court's order, August 14, 1991. Czapko's claim that he did not have the opportunity to fully and fairly contest the consent judgment in Supreme Court appears to have substance.

Consequently, I would base the decision in this case primarily upon the fact that because Czapko stands in the shoes of the insureds and can have no greater rights than they have under the homeowner's policy (see, 70 NY Jur 2d, Insurance, §§ 1706, 1713, at 792, 802-803), the entry of the consent judgment against the insureds extinguished their claim against plaintiff and with their claim, Czapko's claim as well. As there is no defense, plaintiff is entitled to judgment against Czapko as a matter of law (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324).

Nor has Czapko otherwise raised an issue of fact. His statement made upon information and belief that the insureds did not have notice of off-premises coverage under the homeowner's policy until January 10, 1991 is hearsay and not in admissible form sufficient to establish the facts asserted (see, Zuckerman v City of New York, 49 NY2d 557, 562). Thus, Czapko has not established the existence of any facts which would defeat plaintiff's entitlement to the cross relief requested (see, supra). Further, whether the insureds had or did not have knowledge that Kilmurray's parents had coverage is irrelevant because it cannot be imputed to plaintiff and, as previously noted, the consent judgment factually bars the

insureds from making a claim under the policy arising from the incident.

YESAWICH JR., MERCURE and CREW III, JJ., concur with CASEY, J.; MIKOLL, J. P., concurs in a separate opinion.

Ordered that the order is modified, on the law, without costs, by declaring that defendant George J. Czapko, Jr. is barred under the doctrine of claim preclusion from bringing a direct action against plaintiff pursuant to Insurance Law § 3420 (b) (1) to recover on any judgment he might obtain in his action against defendant Michael Kilmurray, and, as so modified, affirmed.