■ LLOYD HOLLENBECK et al., Appellants, v AETNA CASUALTY & SURETY COMPANY, Respondent. [600 NYS2d 880] —Order unanimously reversed on the law with costs and judgment granted in accordance with the following Memorandum: Plaintiffs commenced this action seeking a declaration that defendant Aetna Casualty & Surety Company (Aetna) is obligated to defend and indemnify them under the provisions of their homeowners insurance policy with respect to a third-party

claim brought against them for negligent entrustment of a motorized vehicle to their infant son. The policy excludes coverage arising out of "the entrustment by any **insured** of a motor vehicle or any other motorized land conveyance to any person". The policy, however, goes on to provide that this exclusion does not apply to "a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and * * * owned by any **insured** and on an **insured location"**.

On June 8, 1989, plaintiffs' eight-year-old son was operating a dirt motorcycle owned by plaintiffs on some trails alongside County Road 22 when a car approached from behind and beeped its horn. The boy crossed over the road when suddenly he saw a car coming at him in the opposite direction. He went off the road onto property owned by his father. He was struck by that vehicle when he was approximately 10 feet, 4 inches off the side of the road on land owned by plaintiff Lloyd Hollenbeck.

Plaintiffs, individually and on behalf of their infant son, commenced an action against several defendants for the personal injuries sustained as a result of the accident. Defendants answered and counterclaimed against plaintiffs for negligent entrustment of a Kawasaki motorcycle to their infant son. When plaintiffs requested Aetna to defend and indemnify them under the terms of their homeowners policy with respect to the counterclaim, Aetna disclaimed coverage based upon the exclusion in the policy. After joinder of the issues in this action, Aetna brought a motion for summary judgment asserting that, under the exclusion in the homeowners policy, it had no duty to defend or indemnify plaintiffs. Supreme Court granted that motion without a writing and without declaring the rights of the parties.

Supreme Court erred in summarily granting Aetna's motion dismissing plaintiffs' amended complaint. Aetna concedes that the impact took place on the insureds' property, but argues that such fact is irrelevant because there is no indication that the boy improvidently used the motorcycle anywhere but on the County road. The record, however, establishes that the point of impact was 10 feet, 4 inches off the road and on property owned by the insured. In order for the insurer to be relieved from its duty to defend the insured, it must " 'demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, *in toto,* are subject to no other

interpretation' " *(Niagara County v Utica Mut. Ins. Co.,* 80 AD2d 415, 420-421, *lv dismissed* 54 NY2d 608, quoting *International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 325). We conclude that Aetna has not met its burden under the plain language of the exception to the exclusion. Thus, we grant judgment declaring that Aetna is obligated to defend and indemnify plaintiffs in the third-party action for negligent entrustment. (Appeal from Order of Supreme Court, Allegany County, Francis, J.—Summary Judgment.) Present—Callahan, J. P., Balio, Doerr, Boomer and Boehm, JJ.