■ THOMAS H. BRAWDY et al., Doing Business as BRAWDY CONSTRUCTION COMPANY, Appellants, v NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Respondent. [616 NYS2d 846] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs were hired to erect the exterior walls of a building constructed by Benderson Development Company (Benderson), the general contractor. When one of the partially-completed walls collapsed, Benderson commenced an action against plaintiffs, alleging that they "[f]ailed to perform their work in a good and workmanlike manner" and "performed their * * * work in a careless and negligent manner."

Supreme Court properly granted judgment declaring that defendant has no obligation to defend or indemnify plaintiffs in the underlying action commenced by Benderson. Defendant met its burden of demonstrating "that the allegations of the

complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, *in toto,* are subject to no other interpretation" *(International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 325, quoted in *Hollenbeck v Aetna Cas. & Sur. Co.,* 195 AD2d 981, 982-983). The allegations in the Benderson complaint fall within the exclusions of coverage for property damage to "[t]hat particular part of real property on which you * * * are performing operations, if the 'property damage' arises out of those operations" or to "[t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it" *(see, Fuller Co. v United States Fid. & Guar. Co.,* 200 AD2d 255; *William Crawford, Inc. v Travelers Ins. Co.,* 838 F Supp 157, *affd* 23 F3d 663; *see also, Highlands House Cleaning Serv. v American Guar. & Liab. Ins. Co.,* 96 AD2d 702). We reject plaintiffs' contention that the allegation of negligent performance in Benderson's second cause of action transforms that cause of action into one sounding in negligence *(see, Fuller Co. v United States Fid. & Guar. Co., supra; Parkset Plumbing & Heating Corp. v Reliance Ins. Co.,* 87 AD2d 646). Because this is a declaratory judgment action, however, the court erred in dismissing the complaint *(see, Tumminello v Tumminello,* 204 AD2d 1067).

Finally, we note that the contentions of plaintiffs on appeal are different from their argument in opposition to defendant's motion at Supreme Court. Plaintiffs' contentions may be considered, however, because their brief does not allege new facts, but rather raises legal arguments, "which appeared upon the face of the record and which could not have been avoided by [defendant] if brought to [its] attention at the proper juncture" *(Matter of Knickerbocker Field Club v Site Selection Bd.,* 41 AD2d 539, 540; *accord, Gerdowsky v Crain's N. Y. Bus.,* 188 AD2d 93, 97; *Block v Magee,* 146 AD2d 730, 732). (Appeal from Judgment of Supreme Court, Erie County, Glownia, J.—Declaratory Judgment.) Present—Green, J. P., Pine, Lawton, Callahan and Doerr, JJ.