◼ In the Matter of PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, Respondent. JEAN C. MATHIEU, Appellant. [623 NYS2d 336] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the insured, Jean Claude Mathieu, appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Kassoff, J.), dated April 12, 1993, which granted the petition.

Ordered that the order and judgment is affirmed, with costs.

Contrary to the insured's contention, there is sufficient evidence in the record from which the hearing court could determine that the disclaimer issued by the petitioner Prudential Property & Casualty Insurance Company (hereinafter Prudential) was not unreasonably delayed (see, Insurance Law § 3420 [d]). The record demonstrates that slightly more than two months elapsed between Prudential's receipt of the insured's claim and the issuance of the disclaimer on the ground that the driver's license of the insured was under suspension at the time of the alleged accident. However, the claim letter and accompanying document submitted to Prudential by the insured's attorney did not on their face immediately alert Prudential to possible grounds for a disclaimer (cf., Matter of Nationwide Mut. Ins. Co. v Steiner, 199 AD2d 507; Allstate Ins. Co. v Centennial Ins. Co., 187 AD2d 690). Moreover, Prudential came forward with adequate evidence establishing that, during the period in question, it engaged in a reasonably prompt, thorough, and diligent investigation of the claim and repeatedly and unsuccessfully attempted to have the insured made available for the purpose of providing a written statement in accordance with the requirements of the policy (see generally, Matter of Allcity Ins. Co. [Jimenez], 78 NY2d 1054; cf., Hartford Ins. Co. v County of Nassau, 46 NY2d 1028; Matter of Eagle Ins. Co. [Morel], 202 AD2d 1064; Nova Cas. Co. v Charbonneau Roofing, 185 AD2d 490). Accordingly, we discern no basis for disturbing the hearing court's conclusion. Bracken, J. P., Sullivan, Miller and Goldstein, JJ., concur.