■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v JEAN J. SOUFFRANT, Appellant. [633 NYS2d 575] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the appeal is from a judgment of the Supreme Court, Nassau County (Becker, J.), dated July 15, 1994, which granted the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the parties are directed to proceed to arbitration.

It is well settled that an insurance carrier may not disclaim liability if it fails to give the insured timely notice of disclaimer "as soon as is reasonably possible after it first learns of the accident or grounds for disclaimer of liability" (*Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029; *Matter of Nationwide Mut. Ins. Co. v Steiner*, 199 AD2d 507). At bar, Allstate Insurance Company (hereinafter Allstate) had all of the information it needed to investigate the status of the appellant's driver's license when it received the appellant's claim on January 11, 1994. Since Allstate waited until March 25, 1994, to disclaim uninsured motorist coverage on the basis that the appellant's license had been suspended at the time of the accident, this more than two-month unexplained delay was unreasonable as a matter of law (see, *Hartford Ins. Co. v County of Nassau*, supra). Accordingly, Allstate may not disclaim liability or deny coverage in this case.

In light of this determination, we need not address the appellant's remaining contention. Mangano, P. J., Miller, Santucci and Hart, JJ., concur.