■ GROW-KIEWIT-MK-MACLEAN GROVE, Respondent, v LEX-INGTON INS. CO. et al., Appellants, and ARMITAGE & COMPANY, INC., et al., Respondents, et al., Defendants. (And a Third-Party Action.) [649 NYS2d 18] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered March 31, 1995, which granted plaintiff's motion and defendant City of New York's cross motion for summary judgment declaring the disclaimer of coverage asserted by London Market Insurers invalid as untimely and directed the excess carriers to defend and indemnify, denied appellants' cross motion for summary judgment, and granted the cross motion of defendant Armitage & Company, Inc. for summary judgment dismissing the cross complaints, unanimously affirmed, without costs.

The record supports the IAS Court's finding that appellants were properly notified of the claim. While all the brokers may have been agents of plaintiff in the placement of the coverage, only Armitage remained plaintiff's broker, while both Avreco, Inc. and C.T. Bowring & Co., Inc. acted pursuant to instructions from appellants (*see, Transamerica Interway v Commercial Union Assur. Co.*, 97 FRD 419, 421). Further, appellants made no showing of prejudice incurred by the alleged delay in notification of the claim (*see, American Home Assur. Co. v International Ins. Co.*, 219 AD2d 143). The IAS Court properly found that defendants-appellants excess carriers failed to provide timely disclaimer of coverage as required by Insurance Law § 3420 (d) by issuing a disclaimer notice eight months after receiving actual notice of the claim without a justifiable reason for the delay (*see, Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028; *see also, Zappone v Home Ins. Co.*, 55 NY2d 131, 135). Moreover, the disclaimer notice was not sent directly to plaintiff insured.

We have considered appellants' remaining arguments and find them to be without merit. Concur—Murphy, P. J., Milonas, Williams, Tom and Andrias, JJ.