OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
 The court properly granted summary judgment in favor of defendant insurer dismissing the complaint. In a prior action for a declaratory judgment commenced by defendant’s insured, judgment was entered declaring that defendant had no duty to defend and/or indemnify the insured in the underlying action instituted by plaintiffs herein against the insured. Plaintiffs subsequently obtained judgment in their favor in the underlying action, and thereafter instituted the instant action against the defendant insurer for indemnification pursuant to Insurance Law § 3420 (b) (1). In proceeding directly against defendant on the defendant’s contractor general liability insurance policy, plaintiffs do so as "subrogee[s] of the insured’s rights and [are] subject to whatever rules of estoppel would apply to the insured” (D’Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 665; see also, New York Cent. Mut. Fire Ins. Co. v Kilmurray, 181 AD2d 40, 42). The prior declaratory judgment declaring that defendant had no duty to defend and/or indemnify the insured in the underlying action is a conclusive final determination on the merits, and the insured is barred under the doctrine of res judicata from relitigating the identical claim for indemnification against the defendant (see, Matter of Hodes v Axelrod, 70 NY2d 364, 372). Plaintiffs, who " 'stand in the shoes’ ” of the insured, can have no greater rights than the insured (D’Arata v New York Cent. Mut. Fire Ins. Co., supra, at 665), and the preclusive effect of the prior judgment is equally binding upon them (see, Green v Santa Fe Indus., 70 *789 NY2d 244, 253; New York Cent. Mut. Fire Ins. Co. v Kilmurray, supra, at 42). Plaintiffs’ amendment of the complaint in the underlying action to include a cause of action for negligence requires no different result. The plaintiffs’ amended complaint was a transparent attempt to bring the action within the scope of coverage of the insurance policy. The plaintiffs’ cause of action is clearly one sounding in contract and cannot be turned into a cause of action for negligence merely by virtue of conclusory and unsubstantiated allegations that the insured’s work was done in a negligent, reckless and careless manner (see, Parkset Plumbing & Heating Corp. v Reliance Ins. Co., 87 AD2d 646; see also, Brawdy v National Grange Mut. Ins. Co., 207 AD2d 1019; Curtis v Nutmeg Ins. Co., 204 AD2d 833; Fuller Co. v United States Fid. & Guar. Co., 200 AD2d 255). Even if we were to agree with plaintiffs that the declaratory judgment action did not collaterally estop them on their negligence cause of action, we would conclude that the cross motion for summary judgment based upon the prior judgment entered in their favor in the underlying action was properly denied. The record is ambiguous as to whether the trial court dismissed plaintiffs’ cause of action for breach of contract or on the denominated cause of action for negligence. Consequently, since it cannot be conclusively determined upon which cause of action judgment was entered, it cannot be given a preclusive effect under either the doctrine of res judicata or collateral estoppel (see generally, O’Connor v G & R Packing Co., 53 NY2d 278; Manard v Hardware Mut. Cas. Co., 12 AD2d 29). To the extent that the order of the court below may have been based on the court’s determination that the judgment in the underlying action constituted a conclusive dismissal of plaintiffs’ cause of action for negligence, it was error. However, for the reasons stated above denial of plaintiffs’ cross motion was proper.
We note that plaintiffs have failed to take an appeal from a subsequent order of the same court denying their motion for reargument. In any event, it is well settled that no appeal lies from an order denying reargument (see, Alessi v County of Nassau, 100 AD2d 561). We have examined the plaintiffs’ remaining contentions and find them to be without merit or rendered academic in view of our determination herein.
Stark, J. P., Ingrassia and Floyd, JJ., concur.