■ DONALD SHOWLER et al., Appellants, v AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, Respondent. [690 NYS2d 369] —Order unanimously reversed on the law with costs, motion granted and judgment granted in accordance with the following Memorandum: Plaintiffs commenced this action seeking a declaration that defendant, American Manufacturers Mutual Insurance Company (American), is obligated to defend and indemnify plaintiff Donald Showler in the underlying negligence action under the provisions of his homeowners insurance policy. Showler is the owner of real property located in the Town of Stafford. He resides on the property and operates a wholesale car business known as DLS Enterprises out of his residence. American had issued a homeowners insurance policy to Showler that obligated it to defend and indemnify the insured against claims "for damages because of **bodily injury** or **property damage**". Plaintiff Empire Insurance Group (Empire) issued a garage policy to Showler covering his used car business.

On April 2, 1995, Showler traded a snowmobile in exchange for two older snowmobiles and cash. After the snowmobiles were unloaded onto Showler's property, a friend, Tim A. Thomas, drove one of the snowmobiles across the lawn headed for a storage shed in the rear of Showler's house. The snowmobile hit some indentations or ruts on the lawn causing Thomas to fall off and sustain personal injuries. Thereafter, Thomas commenced an action against Showler alleging that he was injured as a result of the negligence of Showler in creating or allowing a dangerous condition to exist on his property. Showler sent the summons and complaint to American and demanded that American defend and indemnify him under his homeowners policy. American disclaimed coverage based upon exclusions in the policy. After joinder of issue in this action, plaintiffs moved for summary judgment declaring that American is obligated to defend and indemnify Showler in the underlying negligence action.

Supreme Court erred in denying plaintiffs' motion. American disclaimed coverage based upon an exclusion in the policy that excludes coverage arising out of "the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances" and "the entrustment by an **insured** of a motor vehicle or any other motorized land conveyance to any person". The policy, however, further provides that the exclusion does not apply to "a motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and * * * owned by an **insured** and on an **insured location**". Thus, the policy exclusion does not apply in the circumstances of this case.

American also disclaimed coverage based upon an exclusion in its policy that excludes coverage "arising out of **business** pursuits of an **insured**". The policy, however, goes on to provide that this exclusion does not apply to "activities which are usual to **nonbusiness** pursuits". Showler submitted an affidavit in which he averred that he acquired the snowmobile for his own personal use and not for the purposes of his business. Whether the activity constituted a business pursuit within the meaning of the exclusion depends upon whether Showler " 'regularly engaged in a particular activity with a view toward earning a livelihood or making a profit. To constitute a business, there must be two elements: *first, continuity, and secondly, the profit motive*" ' " (*Broome County Co-Op. Fire Ins. Co. v Kendall,* 178 AD2d 709, 710, quoting *Stewart v Dryden Mut. Ins. Co.,* 156 AD2d 951, 951-952). There is no evidence that Showler regularly and continually engaged in the

purchase of snowmobiles to make a profit. Even if we assume, arguendo, that Showler was engaged in a business pursuit, we note that the complaint in the negligence action alleges that Thomas sustained injuries when he fell from the snowmobile he was operating when it hit some indentations or ruts on Showler's lawn. That activity, being "usual to **nonbusiness** pursuits", would fall within the exception to the exclusionary clause (*see, Gallo v Grosvenor,* 175 AD2d 454, 455-456; *Baron v Home Ins. Co.,* 112 AD2d 391, 392-393).

For American to be relieved from its duty to defend the insured, it must " 'demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, *in toto,* are subject to no other interpretation' " (*Niagara County v Utica Mut. Ins. Co.,* 80 AD2d 415, 420-421, *lv dismissed* 54 NY2d 608, quoting *International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 325; *see, Hollenbeck v Aetna Cas. & Sur. Co.,* 195 AD2d 981, 982-983). On this record, American has failed to demonstrate conclusively that the allegations of the complaint place the pleading solely and entirely within the policy exclusions (*see, Hollenbeck v Aetna Cas. & Sur. Co., supra,* at 983).

Thus, we grant plaintiffs' motion and grant judgment in favor of plaintiffs declaring that American is obligated to defend and indemnify Showler in the underlying negligence action. (Appeal from Order of Supreme Court, Genesee County, Dillon, J.— Summary Judgment.) Present—Denman, P. J., Hayes, Wisner, Hurlbutt and Callahan, JJ.