**U.S. UNDERWRITERS INSURANCE CO., Plaintiff(s),**

**v.**

**614 CONSTRUCTION CORP., 626 Emmut Properties Ltd., Emmut Properties Corp., and Steadman Wilson Defendant(s).**

No. 99 CIV. 3548(JES).

United States District Court, S.D. New York.

May 15, 2001.

Thurm & Heller, LLP, New York City, Milton Thurm, of counsel, for Plaintiff.

Konheim, Halpern & Bleiwas, New York City, Victor Bleiwas, of counsel, for Insured Defendants.

Goldhaber, Weber, & Goldhaber, New York City, for Defendant Steadman Wilson.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

In this action plaintiff U.S. Underwriters Insurance Company ("plaintiff" or "U.S. Underwriters") seeks a declaratory judgment that it is not required to defend or indemnify defendants 614 Construction Corp. ("614 Construction"), 626 Emmut Properties Ltd. ("626 Emmut"), and Emmut Properties Corp. ("Emmut")[1] in an underlying state court action ("the Underlying Action") brought by defendant Steadman Wilson ("Mr. Wilson") for injuries sustained while working on property owned by 626 Emmut. Plaintiff now moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's motion is granted.

## BACKGROUND

Plaintiff issued a general liability insurance policy to 614 Construction on or about February 6, 1998. *See* Affidavit of Thomas J. Enright dated June 13, 2000 ("Enright Affidavit"), Exhibit ("Exh.") A, U.S. Underwriters Commercial Liability Policy to 614 Construction Corp. for period from February 6, 1998 to February 6, 1999 ("Policy"). 626 Emmut is an additional insured under the Policy. *See id.* (attaching endorsement listing 626 Emmut as additional insured). An amendment to the Policy entitled "Exclusion of Injury to Employees, Contractors and Employees of Contractors" ("the Employee Exclusion" or "the Exclusion") states:

This insurance does not apply to:

(i) bodily injury to any employee of any insured, to any contractor hired or retained by or for any insured or to any employee of such contractor, if such claim for bodily injury arises out of and in the course of his employment or retention of such contractor by or for any insured, for which any insured may become liable in any capacity;

(ii) any obligation of any insured to indemnify or contribute with another because of damages arising out of the bodily injury . . . .

. . . .

This exclusion applies to all claims and suits by any person or organization for damages because of such bodily injury . . . .

This exclusion replaces the exclusion relating to bodily injury to employees and relatives of employees contained in the Exclusions Section of the policy to which this endorsement is attached.

*Id.* The parties do not dispute the validity of this provision.

---

1. 614 Construction, 626 Emmut, and Emmut will be hereinafter collectively referred to as "the Insured Defendants."

On April 9, 1998, Mr. Wilson allegedly sustained injuries on the premises covered by the Policy while employed by A & N Demolition Corp., a subcontractor of 626 Emmut. *See* Enright Affidavit at ¶ 7. On February 22, 1999, Mr. Wilson brought the Underlying Action in state court for personal injury arising out of the aforementioned incident. *See* Enright Affidavit, Exh. B. U.S. Underwriters received a copy of the summons and complaint in the Underlying Action on or about March 19, 1999. *See* Enright Affidavit at ¶ 6. This was the first notice U.S. Underwriters received about the injury sustained by Mr. Wilson. *See id.*

On March 23, 1999, plaintiff hired J & N Investigation and Claims Service ("J & N") to conduct an investigation into the allegations of Mr. Wilson. *See* Reply Affidavit of Thomas J. Enright dated July 18, 2000 ("Enright Reply Affidavit") at ¶ 8. Plaintiff simultaneously assigned counsel to the Insured Defendants to appear in the Underlying Action pending a formal declaration of non-coverage. *See id.;* Supplemental Affidavit of Thomas J. Enright dated October 18, 2000, Exh. A., Letter from Thomas J. Enright to 614 Construction Corp. dated May 13, 2000 ("the Disclaimer Letter"). Plaintiff received the results of this investigation on April 6, 1999 and immediately forwarded them to counsel for a determination of coverage. *See* Enright Reply Affidavit at ¶¶ 10, 11. Counsel transmitted a letter outlining the grounds for disclaiming coverage of the Insured Defendants in connection with the Under-

lying Action on May 11, 1999. *See id.* at ¶ 12. Plaintiff then drafted and transmitted the Disclaimer Letter to all defendants.[2] *See id.* at ¶ 13; Disclaimer Letter at 1. Plaintiff based its disclaimer of coverage on multiple independent grounds, including the above-described Employee Exclusion. *See* Disclaimer Letter at 1–2.

Plaintiff commenced the instant action on May 14, 1999. *See* Complaint dated May 14, 1999 ("Complaint"). Plaintiff argues that it is not obligated to defend and indemnify the Insured Defendants in the Underlying Action because Mr. Wilson's claim is not covered under the Policy and because the Insured Defendants failed to timely notify plaintiff of Mr. Wilson's claim. *See, e.g.,* Complaint at ¶¶ 1–23, 34–43. Defendants counter that plaintiff's disclaimer was untimely—and therefore ineffective—as a matter of law. *See* Defendants Memorandum of Law in Opposition to Motion for Summary Judgment dated July 12, 2000 ("Defendants' Mem.") at 2–4. Defendants contend that Mr. Wilson's claim is not excluded by the Employee Exclusion because the Employee Exclusion does not apply to him. *See* Statement of Facts Pursuant to Local Rule 56.1 dated July 11, 2000 ("Defendants' 56.1 Statement") at 2, ¶ D. The Insured Defendants further argue that they timely notified plaintiff of Mr. Wilson's claim.[3] *See* Plaintiff's Mem. at 4–6.

## DISCUSSION

A court may grant summary judgment only if it determines that there are no

---

2. Following oral argument on plaintiff's motion, defendants withdrew their earlier contention that plaintiff failed to timely disclaim coverage of Mr. Wilson as required by § 3420(d) because plaintiff failed to send a copy of the Disclaimer Letter to Mr. Wilson. *See* Supplemental Affirmation in Opposition to Motion of Victor Bleiwas dated November 7, 2000. Defendants maintain their objections to the timeliness of such disclaimer.

3. Because the Court finds that plaintiff's disclaimer of service was timely and effective on the first basis—*i.e.,* that Mr. Wilson's claim was not covered under the Policy due to the Employee Exclusion—the Court will not address the parties' contentions regarding whether the Insured Defendants made a timely notice of Mr. Wilson's claim to plaintiff.

genuine issues of material fact based on a review of the pleadings, depositions, answers to interrogatories, admissions on file and affidavits. *See* Fed.R.Civ.P. 56(c). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

When ruling on a summary judgment motion, a court must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no genuine issue as to any material fact exists, the moving party is entitled to summary judgment as a matter of law. *See Celotex*, 477 U.S. at 323, 106 S.Ct. 2548.

This dispute arises under an insurance policy issued in New York to a New York corporation, and the incident giving rise to the Underlying Action occurred in New York. Moreover, this is a diversity action brought in a federal court sitting in the State of New York. Accordingly, the Court will, as it must, apply the relevant law of the State of New York. *See, e.g., Ogden v. Travelers Indem. Co.*, 681 F.Supp. 169, 172 (S.D.N.Y.1988) (Keenan, J.).

■ A New York insurer will be relieved of its duty to defend or indemnify where it can "demonstrate that the allegations of [a relevant] complaint cast that pleading solely and entirely within [a] policy exclusion[ ], and, further, that the allegations, *in toto*, are subject to no other interpretation." *Showler v. American Mfr. Mut. Ins. Co.*, 261 A.D.2d 896, 690 N.Y.S.2d 369, 371 (4th Dep't 1999) (internal quotations and citation omitted). However, a disclaimer of coverage pursuant to such an exclusion is only effective if the insurer gives "written notice as soon as is reasonably possible of such disclaimer ... to the insured and the injured person or any other claimant." N.Y. Ins. Law § 3420(d) (McKinney 2000). Yet "New York courts have consistently held that an insurer must be given reasonable time to adequately investigate a claim in order to determine whether it wishes to disclaim coverage." *U.S. Underwriters v. Congregation B'Nai Israel*, 900 F.Supp. 641, 648 (E.D.N.Y.1995) (applying New York Law). Hence, where an insurer conducts an investigation into the basis for the underlying claim, courts have found that delays of up to two (2) months are reasonable as a matter of law. *See In re Prudential Prop. & Cas. Ins. Co.*, 213 A.D.2d 408, 623 N.Y.S.2d 336, 336 (2d Dep't 1995); *Wilczak v. Ruda & Capozzi, Inc.*, 203 A.D.2d 944, 611 N.Y.S.2d 73, 74 (4th Dep't 1994).

The Court finds that no reasonable juror could dispute that the Policy excludes coverage of Mr. Wilson's claim and that U.S. Underwriters disclaimed coverage within a reasonable time. First, the allegations of injury contained in Mr. Wilson's complaint are "solely and entirely" within the Employee Exclusion. *See Showler*, 690 N.Y.S.2d at 371. Defendants dispute this conclusion, of course. However, their inexplicable and seemingly disingenuous argument—that the Employee Exclusion does not preclude coverage of Mr. Wilson—is untenable and must be rejected.

■ The Policy clearly and unmistakably lists two insured entities, 614 Construction and 626 Emmut. *See* Policy (issuing a policy to 614 Construction and attaching endorsement listing 626 Emmut as additional insured). The Employee Exclusion to that Policy states that there is no coverage for "bodily injury ... to any contractor hired or retained by or for *any insured or to any employee of such contractor.*" Employee Exclusion at ¶ (i) (emphasis added). 614 Construction hired Mr.

Wilson's employer A & N Demolition. *See* Enright Affidavit, Exh. G., Defendants' Answers to Plaintiff's First Set of Interrogatories at ¶ 15; Transcript of Oral Argument dated September 25, 2000 at 19–21. Mr. Wilson's claim for personal injury is therefore excluded from coverage under the Policy since he incurred the alleged injury in the course of his employment for a contractor of an insured entity. Defendants fail to point to any ambiguities in the Employee Exclusion that would prevent its application to Mr. Wilson's claim. Accordingly, the Court finds that U.S. Underwriters had a valid contractual basis for declining to defend or indemnify the Insured Defendants in the Underlying Action.

 Plaintiff's disclaimer of coverage was also timely and reasonable as a matter of law. As already noted, the law affords U.S. Underwriters an opportunity to investigate a claim to determine whether there is a basis for disclaimer. *See, e.g. In re*

*Prudential,* 623 N.Y.S.2d at 336. U.S. Underwriters took the opportunity afforded it by engaging J & N immediately after receiving notice of Mr. Wilson's action. *See* Enright Reply Affidavit at ¶ 8. Defendants argue, and the Court will accept for the purposes of this motion, that plaintiff obtained information during this investigation sufficient to disclaim coverage on March 29, 1999. *See* Defendants' 56.1 Statement at 2–3, ¶ G. As noted above, following that date, plaintiff collected the report, forwarded it to counsel, and disclaimed coverage only two (2) days after receiving advice of counsel regarding the basis for such disclaimer. Defendants do not dispute these facts. Defendants do not argue that plaintiff's investigation and consultation with counsel was unnecessary. Defendants simply declare that the approximate forty-five (45) day delay in disclaiming coverage is untimely as a matter of law. It is not the law of New York [4]—

---

4. The case law defendants cite in support of their claim of unreasonableness are easily distinguished. First, the decision in *Hartford Ins. Co. v. Nassau County,* 46 N.Y.2d 1028, 416 N.Y.S.2d 539, 389 N.E.2d 1061 (1979), does not stand for the proposition that a two-month delay (which we do not have here) is unreasonable as a matter of law. Instead, the *Hartford* Court noted that a "two-month delay may often be easily justified" and emphasized that the insurer there "had full opportunity to explain the delay, and ... failed to do so." *Id.* at 1063. Similarly, the insurer in *Allstate v. Souffrant,* 221 A.D.2d 434, 633 N.Y.S.2d 575 (2d Dep't 1995), offered no explanation for its two-month delay. *See id.* at 675, 633 N.Y.S.2d 575. Finally, the Court in *Ward v. Corbally, Gartland & Rappleyea,* 207 A.D.2d 342, 615 N.Y.S.2d 430 (2d Dep't 1994), emphasized that the insurer there had waited two months after receiving a claim letter to disclaim coverage based on information the insurer had already possessed for over a year. *See id.* at 431–32.

These cases do not support defendants' contention that all delays of the length involved here are unreasonable as a matter of law. Of course, unexplained delays of two months or

more might be unreasonable if unaccompanied by an explanation or if based on information possessed by the insurer for a long period of time. Moreover, conducting an investigation does not always insulate an insurer from claims of untimeliness. Indeed, courts have routinely declared that unusually long investigations or investigations that are not needed to make a disclaimer determination will render the ultimate disclaimer of coverage ineffective. *See e.g., Farmers Fire Ins. Co. v. Brighton,* 142 A.D.2d 547, 530 N.Y.S.2d 215, 216 (2d Dep't 1988) (letter from defendants alerted insurer to all facts necessary for determination of disclaimer); *U.S. Underwriters Ins. Co. v. Roka LLC,* No. 99 Civ. 10136, 2000 WL 1473607 at *6 (finding seven-month gap between completion of initial investigation and disclaimer of coverage unreasonable and rejecting defendants' assertion that it needed to review discovery produced in underlying state action). In the instant case, the delay was less than the two-month period that has been sustained in the New York courts and defendants do not contend that the complaint in the Underlying Action provided a sufficient basis, on its face, for plaintiff to immediately disclaim coverage.

and this Court cannot accept [5]—that a delay of one and a half months to disclaim coverage is unreasonable as a matter of law where such a delay is explained by undisputed evidence that the insured conducted an immediate investigation followed by consultation with counsel. On the contrary, U.S. Underwriters has "submitted proof that the delay in disclaiming was based upon its prompt, diligent and good faith investigation with respect to coverage." *Wilczak*, 611 N.Y.S.2d at 74. Accordingly, the Court finds that plaintiff timely disclaimed coverage of defendants.

## CONCLUSION

For the foregoing reasons, the Court grants plaintiff's Motion for Summary Judgment and denies defendants' counterclaim for attorneys' fees. The Court declares that plaintiff U.S. Underwriters is not required to defend or indemnify defendants 614 Construction, 626 Emmut or Emmut in the Underlying Action brought by defendant Wilson in state court.

**It is SO ORDERED.**

---

For these reasons, New York law does not mandate a finding of unreasonableness for plaintiff's delay in disclaiming coverage of the Insured Defendants.

**5.** Like the Court in *Congregation B'Nai Israel,* this Court is "aware that the reasonableness of an insurers delay in disclaiming coverage is frequently a question of fact requiring trial." *Congregation B'Nai Israel,* 900 F.Supp. at

649. Nevertheless, after reviewing the undisputed factual evidence submitted, this Court is similarly convinced that plaintiff's prompt investigation and consultation with counsel presents the "exceptional case" where a delay in a disclaimer of coverage is reasonable as a matter of law. *See Hartford Ins. Co.,* 416 N.Y.S.2d 539, 389 N.E.2d at 1063.