■ HIGHRISE HOISTING & SCAFFOLDING, INC., Respondent, v LIBERTY INSURANCE UNDERWRITERS, INC., et al., Defendants, RSUI INDEMNITY COMPANY, Appellant, and JAMILAH DUVALL et al., Respondents. [984 NYS2d 366]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered April 11, 2013, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment declaring that defendant RSUI Indemnity Co. was obliged to indemnify Highrise in the underlying actions, and denied RSUI's cross motion for summary judgment, unanimously affirmed, with costs. Appeal from decision, same court and Justice, dated January 14, 2013, directing the parties to settle order, unanimously dismissed, without costs, as taken from a nonappealable paper.

Since the insuring agreement of the primary insurance policy issued by defendant Liberty Insurance Underwriters, Inc. broadly provides coverage for all "occurrences," which are defined as "accidents," the underlying actions, which resulted from an automobile accident, would fall within the Liberty policy's broad coverage grant (see *Sixty Sutton Corp. v Illinois Union Ins. Co.*, 34 AD3d 386, 388 [1st Dept 2006]). It is undisputed, however, that the Liberty policy contains an automobile exclusion, and if a claim falls within the scope of the policy's insuring agreement, an insurer must issue a timely disclaimer pursuant to Insurance Law § 3420 (d) to deny coverage based upon an exclusion (see *Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 189-190 [2000]; *Zappone v Home Ins. Co.*, 55 NY2d 131, 136-137 [1982]). The RSUI excess policy follows the form of the Liberty primary policy because it

incorporates, by reference, the terms of the underlying policy and is designed to match the coverage provided by the underlying policy (*see Tishman Constr. Corp. of N.Y. v Great Am. Ins. Co.*, 96 AD3d 494 [1st Dept 2012]).

Excess insurers have an obligation to disclaim pursuant to Insurance Law § 3420 (d); accordingly, where RSUI disclaimed coverage more than seven months after receiving notice of claim, and failed to offer any explanation for its delay, RSUI's attempted disclaimer failed to comply with Insurance Law § 3420 [d] as a matter of law (*see Grow-Kiewit-MK-Maclean Grove v Lexington Ins. Co.*, 232 AD2d 329, 329 [1st Dept 1996]). Concur—Tom, J.P., Acosta, Saxe, DeGrasse and Freedman, JJ.